**William R. LEGER, Appellant (Defendant),**

v.

**STATE of Wyoming, Appellee (Plaintiff).**

No. 92–190.

Supreme Court of Wyoming.

June 30, 1993.

Bill Rice, Sundance, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., Barbara Boyer, Sr. Asst. Atty. Gen., Theodore E. Lauer, Director, Prosecution Assistance Program, Steven W. Holland, Student Intern, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

THOMAS, Justice.

The dispositive issue raised by this appeal is whether the trial court erred by imposing an illegal sentence requiring restitution in an indeterminate amount. The appellant, William Leger (Leger), also asserts error occurred when the trial court imposed restitution without making a specific finding that he had the ability to pay the restitution. We hold that the trial court did not err in failing to incorporate a specific finding Leger had the ability to pay restitution, but that a sentence requiring restitution as a condition of probation must "fix a reasonable amount as restitution owed to each victim for actual pecuniary damage * * * as a special finding in the judgment of conviction or in the order placing the defendant on probation under W.S. 7–13–301." Wyo.Stat. § 7–9–103(a) (Supp. 1992).[1] The judgment and sentence is reversed, and the case is remanded to the trial court for the purpose of fixing a reasonable amount as restitution owed to the victim for actual pecuniary damage and for

---

1. Wyo.Stat. § 7–9–103(a) (Supp.1992) (emphasis added) provides:

The court shall require restitution by a defendant if it determines [or] finds that the defendant has or will have an ability to pay or that a reasonable probability exists that the defendant will have an ability to pay. If restitution is ordered, or at the time the defendant is placed on probation, the court shall fix a reasonable amount as restitution owed to each victim for actual pecuniary damage resulting from the defendant's criminal activity, and shall include its determination of the pecuniary damage as a special finding in the judgment of conviction or in the order placing the defendant on probation under W.S. 7–13–301. In determining the amount of restitution, the court shall consider and include as a special finding, each victim's reasonably foreseeable actual pecuniary damage that will result in the future as a result of the defendant's criminal activity. A long-term physical health care restitution order shall be entered as provided in W.S. 7–9–113 through 7–9–115.

a special finding to that effect to be incorporated in the judgment and sentence.

Leger, in his Brief of Appellant, states this issue for review:

1. Whether the trial court erred in ordering the defendant, as a term and condition of probation, to pay for additional counseling that may be required in the future by the victim as a result of the defendant's criminal conduct in that the trial court ordered the defendant to pay restitution to the victim without considering the factors which are required to be considered either by W.S. 7–9–103 or W.S. 7–9–114.

The State of Wyoming, in its Brief of Appellee, sets forth these issues:

I. Should this appeal be dismissed because appellant failed to comply with the Wyoming Rules of Appellate Procedure, and because appellant failed to submit the issue of an allegedly illegal sentence to the district court before taking this appeal?

II. Did the district court fail to determine or find that appellant had or would have, or a reasonable probability existed that appellant would have, the ability to pay restitution?

III. Did the district court fail to fix a reasonable amount as restitution owed to the victim of appellant's sexual conduct?

Leger was charged, on December 6, 1991, with the crime of taking immodest, immoral or indecent liberties with a minor. The victim was Leger's stepdaughter. On March 20, 1992, Leger entered his plea of guilty to the crimes charged, and a report of the pre-sentence investigation that was ordered by the court was filed on April 28, 1992. Included in the information set forth in the pre-sentence investigation was an outline of Leger's financial condition. The report included a list of assets and liabilities. It also indicated that Leger suffers from a seizure disorder for which he receives monthly disability payments in the amount of $1,400.

After considering the pre-sentence investigation report, the judgment and sentence was entered by the district court. Leger was sentenced to serve a term of one and one-half to two and one-half years in the Wyoming State Penitentiary. In addition, he was fined $1,000. The court then suspended the execution of the prison sentence; placed Leger on supervised probation for three years; and ordered him to "[p]ay for additional counseling that may be required by the victim as a result of defendant's conduct as alleged in this matter."

In his appeal, Leger challenges the condition of probation requiring him to pay for additional counseling in an indeterminate amount. He contends this part of the judgment and sentence must be vacated because of the district court's failure to make a specific finding that he had the ability to pay the restitution, and because the amount of the restitution was not fixed, as required by § 7–9–103(a).

■ Leger's initial contention is that § 7–9–103(a) imposes a requirement upon the sentencing court to make a specific finding that the defendant has the ability to pay restitution prior to ordering any such payments. Leger supports this argument by citing the first sentence of WYO. STAT. § 7–9–103(a) (Supp.1992), which reads:

> The court shall require restitution by a defendant if it determines [or] finds that the defendant has or will have an ability to pay or that a reasonable probability exists that the defendant will have an ability to pay.

In *Shongutsie v. State*, 827 P.2d 361 (Wyo. 1992), in an advisory mode, we interpreted this statute to require a specific finding of fact with respect to the defendant's present or prospective ability to pay restitution. This construction was adopted in *Leach v. State*, 836 P.2d 336 (Wyo.1992).

Since then, we have re-examined the holdings of *Shongutsie* and *Leach* in *Murray v. State*, 855 P.2d 350 (Wyo.1993). In *Murray*, we noted the inconsistency between WYO.STAT. § 7–9–102 (Supp.1992) [2]

**2.** In contrast with WYO.STAT. § 7–9–103(a) (Supp. 1992), WYO STAT. 7–9–102 (Supp.1992) reads:

> In addition to any other punishment prescribed by law the court shall, upon convic-

and § 7–9–103(a) regarding the requirement of a finding with respect to ability to pay. In re-examining these provisions, we concluded that § 7–9–102 should be regarded as the controlling provision with respect to the finding of ability to pay required to order payment of restitution. We held that, following the language of § 7–9–102, a trial court is required to order restitution unless it specifically finds an **inability** to pay.

The effect of the *Murray* holding is that a silent record, one containing no specific finding of ability to pay nor any finding of inability to pay, supports an order requiring the payment of restitution. That is the nature of the record in this case. The district court did not find that Leger had the present or prospective ability to make restitution payments; however, the record is replete with facts from which the ability to pay could have been inferred. Furthermore, the court made no finding with respect to an inability to pay, and in the absence of such a finding supported by the record, the district court was required by § 7–9–102 to order restitution. We hold no error can be found in the failure of the court to articulate a specific finding of Leger's ability to pay the ordered restitution.

■ Leger goes on to challenge the district court's imposition of restitution in an indeterminate amount. The requirements for establishing the amount of restitution are set forth in Wyo.Stat. § 7–9–103(a), which reads, in pertinent part:

If restitution is ordered, or at the time the defendant is placed on probation, the court shall fix a reasonable amount as restitution owed to each victim for actual pecuniary damage resulting from the defendant's criminal activity, and shall include its determination of the pecuniary damage as a special finding in the judgment of conviction or in the order placing the defendant on probation under W.S. 7–13–301.

In *Keller v. State,* 771 P.2d 379 (Wyo.1989), we interpreted the predecessor of this provision that contained nearly identical language. We there held that the statutory language did not permit the trial court to order restitution in an amount to be determined at some later date.

We agree with Leger that § 7–9–103(a) requires that the trial court fix a specific amount for restitution. In this case, the order of the district court to pay for the future counseling of the victim, without specifying an actual amount to be paid, does not satisfy the requirement of § 7–9–103(a) that the court order restitution in a fixed, reasonable amount. Therefore, the case must be remanded to the district court for a determination of the specific amount of restitution to be paid by Leger.

We turn then to the State's argument that this appeal ought to be dismissed because of Leger's failure to comply with the Wyoming Rules of Appellate Procedure, and also because Leger did not first present the matter to the district court for corrective action. We agree with the State that Leger was remiss in his failure to prepare a brief that complies with our Rules of Appellate Procedure. We do not choose to dismiss the appeal for that reason, however. Leger clearly failed to comply with the Rule of Appellate Procedure that requires his brief contain separate sections briefly describing the nature of the case and the course of proceedings. *See* WYO.R.APP.P. 5.01(3), now 7.01(e)(1). Furthermore, Leger failed to include page references to the record in his statement of the facts. *See* WYO.R.APP.P. 5.01(3), now 7.01(e)(2).

■ On a number of occasions we have warned members of our bar that we may dismiss an appeal for failure to comply with the Wyoming Rules of Appellate Procedure. *See Wyoming Game and Fish Comm'n v. Thornock,* 851 P.2d 1300 (Wyo. 1993); *Coones v. Fed. Deposit Ins. Corp.,* 848 P.2d 783 (Wyo.1993); *Inter–Mountain*

---

tion for any misdemeanor or felony, order a defendant to pay restitution to each victim as determined under W.S. 7–9–103 and 7–9–114 unless the court specifically finds that the defendant has no ability to pay and that no reasonable probability exists that the defendant will have an ability to pay.

*Threading v. Baker Hughes Tubular Serv., Inc.,* 812 P.2d 555 (Wyo.1991); *Jung–Leonczynska v. Steup,* 782 P.2d 578 (Wyo.1989), *appeal after remand,* 803 P.2d 1358 (Wyo.1990); *V–1 Oil Co. v. Ranck,* 767 P.2d 612 (Wyo.1989). We do not retreat from that admonition, but the sanction of dismissal must be reserved primarily for civil cases. The dismissal of a criminal case simply confronts the court with a further claim of ineffective assistance of appellate counsel. Since the record in this case is not long, and the relevant portions of the record to permit review of the issues presented are easily found, our review has not been hampered by Leger's failure to comply with the Rules of Appellate Procedure. *See Steup.* Since we cannot impose the sanction of dismissal upon an appellant in a criminal case without creating further problems, we now serve notice to members of the bar, representing appellants in criminal cases, that sanctions will be addressed to counsel personally, and we propose to do that on the next like occurrence.

Similarly, we will not dismiss this appeal because of the failure of Leger to request a correction of his sentence pursuant to Wyo.R.Crim.P. 35(a). In *Price v. State,* 716 P.2d 324 (Wyo.1986), we held that a motion for correction of sentence under Wyo.R.Crim.P. 35(a) should be presented to the sentencing court in the first instance. Nevertheless, in the interest of judicial economy, we considered Price's appeal. This case is distinguishable from *Price* because here, unlike in *Price,* Leger took his appeal from the judgment and sentence. Price appealed from an order that was entered a year after his conviction became final. The rule articulated in *Price* is that, after a judgment and sentence achieves finality, relief under Wyo. R.Crim.P. 35 should first be addressed to the sentencing court. A claim of an unlawful sentence, however, can be raised in a direct appeal, which is what Leger has done.

The judgment and sentence is reversed and remanded for the court to make an appropriate determination and finding with respect to a reasonable amount that may be ordered as restitution to the victim for actual pecuniary damage resulting from Leger's criminal activity. No error is found in any other aspect of the judgment and sentence.