**John ALDRIDGE, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 96–307.

Supreme Court of Wyoming.

April 1, 1998

Sylvia L. Hackl, State Public Defender, and Donna D. Domonkos, Appellate Counsel, for appellant (defendant).

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Theodore E. Lauer, Director, Prosecution Assistance Program; and Sandra Boudreaux, Student Intern, for appellee (plaintiff).

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

TAYLOR, Chief Justice.

Having entered a guilty plea to burglary, John Aldridge (Aldridge) appeals from that portion of his judgment and sentence which directs payment of restitution in an amount to be later determined by his probation officer. Holding that determination of the amount of restitution is usually not subject to delay and never subject to delegation, we reverse and remand with instructions.

## I. ISSUES

Aldridge articulates a single issue:

*ISSUE I*

Did the trial court err when it denied the appellant's motion for a hearing on restitution?

The State of Wyoming identifies three issues:

I. Does this appeal properly present justiciable issues to this court?

II. Did the district court abuse its discretion in denying without a hearing appellant's motion to determine restitution amount?

III. If the district court erroneously denied appellant's motion to determine restitution amount, what is the proper remedy?

## II. FACTS

In March of 1996, Aldridge was charged with two counts of burglary. A good deal of procedural jockeying ensued, of small moment to this appeal except that when the dust cleared and the district court accepted a plea agreement, a presentence investigation report (PSI) had already been prepared. Aldridge's plea agreement was to a single count of burglary, although he agreed to make both burglary victims whole. In return, the State dropped the second count of burglary and recommended a sentence of probation for two years, including completion of six months at Community Alternatives of Casper.

■ Given the ready availability of his PSI report, Aldridge agreed to proceed directly from acceptance of the plea agreement to sentencing. Restitution, however, remained problematic because one of Aldridge's victims had claimed losses thought by all to be exaggerated. Aldridge asked that this problem be solved by deferring his restitution order until credible proof of that victim's loss had been presented.[1] Anxious to prevent collapse of the plea agreement, the prosecutor agreed, suggesting that the victim could present proof of loss to Aldridge's probation officer who might then determine the specific amount of restitution due, subject to objection by either party. Aldridge consented to that procedure, resulting in a judgment and sentence which included the following provision:

8. That the Defendant shall make restitution as directed by his probation officer, and pursuant to a payment schedule as determined by his probation officer.

Pursuant to that provision, Aldridge's probation officer proceeded to set the amount of restitution at $578.00, and then secured Aldridge's signature to an agreement obligating him to pay that amount. This did not sit well with Aldridge's trial counsel who felt that her client should have been afforded the advice of counsel prior to execution of the restitution agreement. Aldridge, therefore, filed an objection to the amount of restitution in the district court at about the same time he filed a timely notice of appeal to this court. The district court refused to hear

---

1. The amount of restitution due should be established by some credible evidence. *Renfro v. State*, 785 P.2d 491, 493 (Wyo.1990).

Aldridge's objection to the amount of restitution, reasoning that Aldridge should not be allowed to renege upon his signed pledge.

## III. STANDARD OF REVIEW

■ Appellate review of restitution orders is confined to a search for procedural error or a clear abuse of discretion. *Christensen v. State*, 854 P.2d 675, 678 (Wyo.1993). "A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances." *Martinez v. State*, 611 P.2d 831, 838 (Wyo.1980).

■ The trial court's exercise of discretion in ordering restitution does not spring from any inherent authority. *Kahlsdorf v. State*, 823 P.2d 1184, 1191 (Wyo.1991). Rather that exercise, like our review, is circumscribed by the statutes empowering the trial court to order restitution. Wyo. Stat. §§ 7–9–101 through 7–9–115 (1997). *Badura v. State*, 832 P.2d 1390, 1391 (Wyo.1992). Our review comes with the caveat that the *amount* of restitution ordered by a trial court must be challenged on appeal, lest it become fixed as res judicata. *Id.* at 1393.

## IV. DISCUSSION

■ The district court's power to determine the amount of restitution due is both described and delimited by Wyo. Stat. § 7–9–103(a) (1997), which reads, in pertinent portion, as follows:

> If restitution is ordered, or at the time the defendant is placed on probation, the court shall fix a reasonable amount as restitution owed to each victim for actual pecuniary damage resulting from the defendant's criminal activity, and shall include its determination of the pecuniary damage as a special finding in the judgment of conviction or in the order placing the defendant on probation under W.S. 7–13–301.

We have consistently held that Wyo. Stat. § 7–9–103(a) and its statutory precursors preclude a district court from ordering an indeterminate amount of restitution, dependent in whole or in part upon the cost of some future event. *Leger v. State*, 855 P.2d 359, 362 (Wyo.1993) (payment for future counseling of the victim) *(citing Keller v.*

*State*, 771 P.2d 379, 387 (Wyo.1989) (payment of restitution without determining amount)). It should be no mystery that the surest and safest path to compliance with Wyo. Stat. § 7–9–103(a), as defined by those decisions, is for a district court to make a special finding in the judgment and sentence or order of probation determining the precise amount of restitution due.

Provided, however, that the amount of restitution determined is calculated upon the direct consequences of a defendant's criminal behavior, there are narrow circumstances under which we will permit that determination to be deferred. Such a situation was treated at length in *Kahlsdorf*. There, as here, the defendant freely acknowledged responsibility for restitution of the victims. In both cases, precise determination of the amount of restitution was impossible at entry of judgment and sentence (in *Kahlsdorf*, the problem was calculating the interest due on embezzled funds, while the difficulty here surrounds proof of one victim's actual loss).

In *Kahlsdorf*, we held that the statutory requirement for a special finding as to the amount of restitution due is a right *personal* to the defendant and, therefore, subject to waiver. *Kahlsdorf*, 823 P.2d at 1193. Writing for the court, Justice Cardine emphasized that such a waiver would be effective *only* when the record demonstrates a "knowing and intelligent" choice by the defendant. *Id.* Even then, there must be a record which demonstrates the reasonableness of the amount agreed to. *Id.* at 1194.

■ Waiver of the right to a special finding on restitution at the entry of judgment and sentence must produce a record which demonstrates: (1) a knowing, and (2) intelligent waiver of the right to such a special finding, and eventual determination of (3) a reasonable amount of restitution. Lacking any one of those three indicia, a district court's failure to make a special finding as to the amount of restitution due, at the time of sentencing, yields an illegal sentence. *Leger*, 855 P.2d at 362; *Keller*, 771 P.2d 379.

■ Notwithstanding his initial subscription to the idea of having a probation officer set the amount of restitution due, Aldridge

was misled into believing that he retained the right to object to that amount. We hold that the district court's refusal to hear Aldridge's objection to the amount set vitiated the "knowing" quality of Aldridge's waiver and rendered it impossible to determine, from the record, whether that amount finally determined was, indeed, reasonable. While a defendant may, under the narrow factual patterns of *Kahlsdorf* and the instant case, waive the personal right to a determination of the amount of restitution at the time of sentencing, the district court may not delegate the responsibility for making that determination. *Brezenoff v. State*, 658 P.2d 1359 (Alaska App.1983); *Strickland v. State*, 610 So.2d 705 (Fla.App.1992); *Jordan v. State*, 610 So.2d 616 (Fla.App.1992); *People v. Frisco*, 221 A.D.2d 779, 633 N.Y.S.2d 422 (1995); *People v. Bernier*, 197 A.D.2d 882, 604 N.Y.S.2d 876 (1993); *State v. Butler*, 56 Or. App. 855, 643 P.2d 876 (1982); *Com. v. Walker*, 446 Pa.Super. 43, 666 A.2d 301 (1995).

■ The judgment and sentence in this case was illegal to the extent that Aldridge's waiver was not "knowing" and no record was created from which this court might gauge the "reasonableness" of the restitution order. Although this illegality came to light in the context of a direct appeal, rather than a motion to correct an illegal sentence pursuant to W.R.Cr.P. 35, the proper course is to reverse and remand to the district court for correction of the illegal sentence through determination of a reasonable amount of restitution in conformity with Wyo. Stat. § 7–9–103(a). *Leger*, 855 P.2d at 362.

## V. CONCLUSION

The judgment and sentence of the district court is reversed and remanded with instruction to make a determination and finding as to the reasonable amount that may be due the victims of Aldridge's criminal acts. No error is found in any other aspect of the judgment and sentence of the district court.