2003 WY 143

**Kevin J. PENNER, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 02–184.**

Supreme Court of Wyoming.

Nov. 7, 2003.

Representing Appellant: Kenneth M. Koski, Public Defender; and Donna D. Domonkos, Appellate Counsel.

Representing Appellee: Patrick J. Crank, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Georgia L. Tibbetts, Senior Assistant Attorney General; Theodore E. Lauer, Director, Prosecution Assistance Program; and Kerry Gaines, Student Intern.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

VOIGT, Justice.

[¶ 1] This is an appeal from the restitution ordered in a burglary case. We reverse and remand for deletion of the restitution order from the judgment and sentence because the order included restitution for crimes to which the appellant did not plead guilty or *nolo contendere* or admit to having committed, and did not include restitution for the crime to which the appellant did plead.

## ISSUE

[¶ 2] Did the district court abuse its discretion or commit procedural error by ordering the appellant to pay restitution for crimes to which he did not plead guilty or *nolo contendere* or admit to having committed?

## FACTS

[¶ 3] On December 28, 2001, the appellant, Kevin J. Penner, was charged with three counts of burglary. Although the Information did not identify any victims or locations, the Affidavit in Support of Information detailed burglaries at three businesses—Minute Man Muffler, Six States Distributors, and Baker Tools—and mentioned a fourth at Weatherford Lamb. At arraignment, the appellant pled not guilty to all three counts.

[¶ 4] A change-of-plea hearing took place several months after the arraignment, during which hearing the following oral plea agreement was announced, in pertinent part:

[DEFENSE COUNSEL]: Your Honor, contingent on Mr. Penner's expected plea, I guess the counts are all identical, so I guess [he would plead] to count one, [and] counts[ ] two and three would be dismissed. His plea would be that of nolo contendere, your Honor. I'm sorry. He would receive a sentence of not less than two years nor more than four years at the Wyoming State Penitentiary. He would pay the mandated hundred dollars to the crime victims fund. The issue of public defender—

THE COURT: Ten dollars court costs.

[DEFENSE COUNSEL]: Yes, your Honor, I'm sorry.

THE COURT: Court automation fee.

[DEFENSE COUNSEL]: *Your Honor, he would—the court—probably restitution, and there's public defender fees. I would ask the court to make a finding that my client lacks the ability to pay those, given his six months of prior incarceration unemployment at that time, I guess at a minimum of approximately 18 months of future incarceration. But that was not agreed upon so the state's certainly free to ask for restitution.*

(Emphasis added.) As a factual basis for the plea, the prosecutor referred to the facts set forth in the Affidavit in Support of Information and identified the victim of the count to which the plea was entered as being Minute Man Muffler.

[¶ 5] The presentence investigation report (PSI) was prepared before the change-of-plea hearing was held, and it contained a description of all the burglaries mentioned in the Affidavit in Support of Information. However, the PSI contained no restitution information and indicated only that victim impact statements would be provided as addenda when received.

[¶ 6] At the subsequent sentencing hearing, defense counsel stated "we're waiving public defender fees due to the inability to pay,"[1] and "restitution we wanted to discuss and argue with the court." The State then submitted an exhibit, to which were attached numerous invoices, listing the following restitution amounts:

| | |
|---|---|
| Jason Kirk | $6,188.69 |
| ⋯ | |
| Weatherford Lamb | 343.58 |
| ⋯ | |
| Cilensek Construction | 1,000.00 |
| ⋯ | |
| Richard Crouch | 732.00 |
| ⋯ | |
| TOTAL | $7,955.07 |

Minute Man (John and Jeff Grossnickle) had over $15,000.00 in restitution. However, there was no paperwork submitted by the victims.[2]

### STANDARD OF REVIEW

[¶ 7] We recently reiterated our standard of review of restitution orders:

Appellate review of ordered restitution is confined to a search for procedural error or a clear abuse of discretion. *Aldridge v. State*, 956 P.2d 341, 343 (Wyo.1998). The amount of restitution fixed by the trial court should be supported by evidence sufficient to afford a reasonable basis for estimating the loss. *Hilterbrand v. State*, 930 P.2d 1248, 1250 (Wyo.1997). A challenge to the amount of restitution set by the court must demonstrate an abuse of discretion. "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously." *Brock v. State*, 967 P.2d 26, 27 (Wyo.1998) (quoting *Vaughn v. State*, 962 P.2d 149, 151 (Wyo.1998)). We have held that a victim impact statement, such as that incorporated into the Presentence Report in this case, is credible evidence upon which a trial court may impose a restitution amount. *Stowe v. State*, 10 P.3d 551, 553 (Wyo.2000).

*Brown v. State*, 2003 WY 72, ¶ 9, 70 P.3d 238, 241 (Wyo.2003). As explained in *Merkison v. State*, 996 P.2d 1138, 1141 (Wyo.2000) (emphasis in original), however, there is a distinction between the standard of review of factual challenges to the amount of restitution ordered and challenges to the authority of the court to make a restitution award:

The distinction between whether a defendant is making a factual challenge to an order of restitution or whether he is challenging the authority of the trial court to make a particular award of restitution is an important one. Challenges to the *factual* basis of an award of restitution can be waived in certain circumstances by the defendant's voluntary actions, such as entering into a plea agreement, and then failing

---

1. As an aside, we would note that public defender fees do not belong to the public defender's office and cannot simply be waived. The Public Defender Act, Wyo. Stat. Ann. §§ 7–6–101—7–6–114 (LexisNexis 2003) and W.R.Cr.P. 44 contemplate a judicial determination of inability to pay. In the instant case, the district court based its decision not to order the payment of public defender fees on this waiver rather than upon the required determination of ability to pay.

2. The amount attributed to Jason Kirk is not, within the hearing transcript or the record, related to a particular victim. The amounts listed for Cilensek Construction and Richard Crouch are related to the Six States Distributors burglary. The fact that the total figure is incorrect was later duly noted by the district court.

to make any objection at sentencing, as occurred in *Meerscheidt* [*v. State*, 931 P.2d 220 (Wyo.1997) ]. *See also Aldridge v. State*, 956 P.2d 341, 343 (Wyo.1998). Outside the context of a plea agreement, the failure to object to a factual determination in the awarding of restitution results in an appellate review for plain error. *See Gayler v. State*, 957 P.2d 855, 857 (Wyo.1998). In contrast, a challenge by a defendant to the **authority** of a trial court to make a particular award of restitution is reviewed on appeal under a *de novo* statutory interpretation standard whether or not the defendant objected or entered into a plea agreement. *Meerscheidt*, 931 P.2d at 223–224, 226–227. While not explicit in our decision in *Meerscheidt*, the reason for conducting a *de novo* review under such circumstances is that a court has only that authority to act which is conferred by the subject statute.

## DISCUSSION

[¶ 8]  The legislature has created a clear mandate and procedure for the collection of restitution in criminal cases in Wyoming. As part of sentencing, "the prosecuting attorney shall present to the court any claim for restitution submitted by any victim." Wyo. Stat. Ann. § 7–9–103(a) (LexisNexis 2003). In turn, the court is to "order a defendant to pay restitution to each victim ... unless the court specifically finds that the defendant has no ability to pay...." Wyo. Stat. Ann. § 7–9–102 (LexisNexis 2003). A "victim" is defined as "a person who has suffered pecuniary damage as a result of a defendant's criminal activities." Wyo. Stat. Ann. § 7–9–101(a)(v) (LexisNexis 2003). And finally, "criminal activity" means *"any crime for which there is a plea of guilty, nolo contendere or verdict of guilty upon which a judgment of conviction may be rendered and includes any other crime which is admitted by the defendant, whether or not prosecuted."* Wyo. Stat. Ann. § 7–9–101(a)(i) (emphasis added).

■  [¶ 9]  This statutory language leads directly to the problem in this case. The victim of the burglary to which the appellant pled *nolo contendere,* and for which he was convicted, submitted no restitution information to the prosecuting attorney for presentation to the district court.[3] Consequently, the district court did not order restitution paid to that victim. Instead, all of the ordered restitution was directed to the victims of the burglaries that were dismissed as part of the plea agreement.[4]

[¶ 10]  The appellant contends that he did not admit the crimes to which he did not plead nor did he explicitly agree to pay restitution for those crimes. The State responds that the only rational understanding of what happened at sentencing—the appellant's failure to object to the fact or amounts of such restitution—is that the appellant had, as part of the plea agreement, agreed to pay those amounts. Clearly, this is not a question of statutory construction to which a *de novo* standard of review applies. Rather, the question is whether there was procedural error or an abuse of discretion.

[¶ 11]  This case first went awry at the change-of-plea hearing when the orally announced plea agreement did not indicate whether the appellant would admit the charges that were being dismissed or would agree to pay restitution for those crimes. This error was compounded at the sentencing hearing when the district court imposed the restitution order without obtaining that information. The record simply contains no admission of those crimes or express agreement to pay those amounts, and we are not at liberty in reviewing criminal sentencing proceedings to draw from a blank record inferences that are contrary to the appellant's interests.

## CONCLUSION

[¶ 12]  The record does not show that the appellant admitted the crimes to which he did not plead or that the plea agreement included his agreement to pay restitution for

---

**3.**  The prosecutor explained to the district court that the victim did not submit restitution information because he did not believe he would get anything out of the appellant.

**4.**  The $1,000.00 figure allocated to Cilensek Construction was not ordered because no substantiating documentation was submitted.

those crimes. The district court committed procedural error by including that restitution in the judgment and sentence. The State is not entitled to a second opportunity to prove restitution, so we reverse and remand for deletion of the restitution order from the judgment and sentence. *Van Riper v. State*, 999 P.2d 646, 648 (Wyo.2000). Upon remand, the district court should also make the appropriate findings as to the appellant's ability or inability to pay public defender fees, as required by Wyo. Stat. Ann § 7–6–106 (Lexis-Nexis 2003).