2006 WY 11

**Jeffrey L. CHIPPEWA, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 05–96.

Supreme Court of Wyoming.

Jan. 19, 2006.

Representing Appellant: Kenneth M. Koski, State Public Defender; Donna D. Domonkos, Appellate Counsel.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; David L. Delicath, Senior Assistant Attorney General.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, BURKE, JJ.

GOLDEN, Justice.

[¶ 1] Jeffrey L. Chippewa entered a plea of guilty to second degree murder. In this appeal, Chippewa challenges the sufficiency of the evidence supporting the district court's order requiring him to pay restitution in the amount of $6,136. Finding that Chippewa waived this claim at sentencing, we affirm.

## ISSUE

[¶ 2] Chippewa raises the following issue for our review:

Whether the district court erred when it ordered restitution over defense counsel's objection.

## FACTS

[¶ 3] On June 26, 2004, Chippewa and his brother, Marshall Chippewa, got into a fight with William "Jevon" Antelope. During the fracas, Chippewa retrieved a knife from his pocket and stabbed Antelope once in the chest. Antelope died shortly thereafter of his injuries.

[¶ 4] The State charged Chippewa with a single count of second degree murder. Chippewa later entered into a plea agreement with the State in which he agreed to plead guilty to the charge in exchange for a prison sentence of 240 to 267 months. The plea agreement also provided that Chippewa would pay restitution in an amount to be determined at sentencing. Pursuant to that agreement, Chippewa entered a plea of guilty to the second degree murder charge on November 12, 2004. Before accepting Chippewa's plea, the district court discussed the terms of the plea agreement and the conse-quences of his guilty plea, and twice advised Chippewa that he could be ordered to pay restitution.

[¶ 5] The Presentence Investigation Report (PSI) ordered by the district court showed that three parties had requested restitution: 1) Velma Rhodes (Antelope's mother) requested $3,618 for burial expenses and related costs; 2) the Northern Arapahoe Tribal Enrollment Department requested $1,518 for expenses it paid for Antelope's burial; and 3) the Wind Dancer Funeral Home requested $1,000 for expenses related to Antelope's burial. The amount of the three requests totaled $6,136. At sentencing, the following colloquy took place regarding the requested restitution:

THE COURT: [Defense Counsel], let me ask you this: Do you have any quarrel with the restitution amount?

[DEFENSE COUNSEL]: Your Honor, I had discussed that with the victim witness coordinator this morning. I'm still not absolutely certain that all of that should be included in the restitution. My argument basically is that Mr. Chippewa does not have any ability to repay that restitution in any event. And I would ask the Court not to impose it on those grounds.

I have no quarrel with the Hudson Funeral Home. They have provided an itemized statement, and that was in the amount of $1118 dollars [sic]. And the concerns that I have were for some payments requested by Wind Dancer Funeral Home, and those were apparently $1,000 for loans to people with the tribe. And then there was a $400 grant. The victim witness coordinator tells me that those monies were used for various items in connection with the funeral. So I don't know whether they really qualify as restitution or not.

But in any event, we would request the Court not impose that restitution, simply because there's not going to be any ability to pay it. And so that's—that's where we are with the restitution.

* * * *

If he is able to work at the penitentiary, he'll be making a minimal amount of mon-

ey. And I don't know how much they pay down there, but it's an additional burden.

He's 20 years old now, and he will be in his 30s before he gets out down there. It will be a very long time, and with this charge, and I think he will probably—he's not going to be making more than the minimum, at least to start with. So I think he's going to be hard-pressed to make any restitution in any event in this matter.

The district court ordered Chippewa to pay the restitution amount set forth in the PSI and sentenced him in accordance with the plea agreement. This appeal followed.

## DISCUSSION

■ [¶ 6] Chippewa challenges the propriety of the restitution order. Chippewa's complaint concerns the sufficiency of the evidence supporting the amount of restitution ordered by the district court. We decline to consider Chippewa's claim because we find that he waived his right to contest the restitution award.

■ [¶ 7] This Court has held that, when a defendant knowingly and voluntarily agrees in a plea agreement to pay restitution, and then fails to object at sentencing to the restitution amount, he waives his right to challenge on appeal the factual basis of the resti-

tution award. *Meerscheidt v.State*, 931 P.2d 220, 225–26 (Wyo.1997); *see also Penner v. State*, 2003 WY 143, ¶ 7, 78 P.3d 1045, 1047–48 (Wyo.2003); *Merkison v. State*, 996 P.2d 1138, 1141 (Wyo.2000). In this case, there is no doubt Chippewa voluntarily agreed to pay restitution as part of his plea agreement with the State. The record reveals that, contrary to his contention on appeal, Chippewa did not cogently object to the requested restitution amount during his sentencing hearing. Although Chippewa briefly expressed uncertainty as to whether certain specified items qualified as restitution, he presented no specific argument challenging the appropriateness of those items. Instead, Chippewa simply argued that he had no ability to pay restitution, regardless of the amount. The amount of restitution, therefore, was never properly placed before the district court at sentencing.[1] Under the circumstances, we hold that Chippewa waived his right to challenge in this appeal the factual basis supporting the district court's restitution award.

[¶ 8] Affirmed.

---

1. Because the issue was not properly presented below, we could also refuse to consider the merits of Chippewa's claim under our longstanding rule that we will not consider an issue raised for the first time on appeal unless it is jurisdictional or fundamental in nature. The amount of resti- tution is not a jurisdictional or fundamental issue which requires our review. *Whitten v. State*, 2005 WY 55, ¶ 19, 110 P.3d 892, 897 (Wyo.2005).