2007 WY 199

**R. Sean HITE, Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**No. S–07–0066.**

Supreme Court of Wyoming.

Dec. 14, 2007.

Representing Appellant: Tina N. Kerin, Appellate Counsel; David E. Westling, Senior Assistant Appellate Counsel, Wyoming Public Defender Program.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Timothy J. Forwood, Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, BURKE, JJ.

GOLDEN, Justice.

[¶ 1] Sean Hite entered into a written plea agreement in which he pleaded guilty to felony battery, third offense, against his wife (hereinafter referred to as "Wife"). As part of his sentence, he was ordered to pay $5,400 in restitution. Hite appeals the restitution portion of his Judgment and Sentence. This Court finds the sentencing court exceeded its legal authority in ordering the instant restitution, and consequently we reverse and remand for entry of an amended judgment and sentence consistent with this opinion.

## ISSUE

[¶ 2] The issue on appeal is whether "a restitution award for spousal support exceeds the trial court's statutory authority and making such an award with no supporting evidence is an abuse of discretion."

## FACTS

[¶ 3] Hite and Wife became embroiled in an argument. According to the "Affidavit of Probable Cause," at some point during the argument Hite grabbed Wife's left arm, from which Wife was able to dislodge herself by biting him. Hite then grabbed Wife by the throat. Hite released his grip on her throat when Wife told her son to call the Sheriff's office. The deputy sheriff who authored the Affidavit testified he saw some red marks on Wife's neck and her left arm and arrested Hite for battery/domestic violence.

[¶ 4] Hite entered into a written plea agreement whereby, in addition to agreeing to plead guilty to the negotiated charge, he agreed to pay restitution as deemed appropriate by the sentencing court. The district court also advised Hite at the change of plea hearing that he would be required to pay restitution if appropriate. A Presentence Investigation Report (PSI) was prepared wherein it was related that Wife stated to the person preparing the report she was not injured as a result of the offense and she was not requesting restitution. Wife also stated she had received over $5,000 from Division of Victim Services of the Wyoming Attorney General's Office.

[¶ 5] Although Wife did not seek any restitution, the PSI identified restitution in the amount of $5,400. According to the PSI: "[t]he Wyoming Office of the Attorney General, Division of Victim Services has paid the victim in this case, [Wife], a total of $5,400.00 for six months of loss of support at the rate of $900.00 per month. The Division of Vic-

tim Services requests full restitution in this matter."

[¶ 6] During the sentencing hearing, Hite's attorney agreed that Victim Services paid Wife $5,400. He argued that he did not understand why Victim Services provided any money to Wife when Wife suffered no serious injury from Hite's criminal acts. In other words, he argued there was no legal basis for awarding restitution since there was no evidence the payments from Victim Services were related to Hite's criminal offense.

[¶ 7] The State suggested a new hearing be held if Hite was disputing restitution. The sentencing court asked Hite's attorney if he was objecting to the restitution recommendation, and the attorney replied only that he did not think Hite had the means to pay the restitution amount. Without expressly ruling on the ability-to-pay objection posed by Hite's attorney, the sentencing court moved on and asked if there was any reason why it should not pronounce sentence. Hite's attorney replied there was not.

[¶ 8] In pronouncing its sentence, the sentencing court discussed the argument that there was no legal authority for the payment but rejected it, stating:

> I'm just having a hard time logically concluding that money that went to support his wife and family that he shouldn't have to repay that. I mean, A, I presume she needed money; B, she allowed the application [to Victim Services], or accessed the application for it; C, it went to the benefit of his family.

The sentencing court included payment of $5,400 restitution as part of Hite's sentence.[1]

## DISCUSSION

### *Waiver*

[¶ 9] We begin our discussion with the State's argument that Hite has waived any objection to the restitution portion of his sentence. The State is correct that, although pertinent matters were discussed, proper objections were not raised below. The facts are similar to those in *Chippewa v. State*,

2006 WY 11, 126 P.3d 129 (Wyo.2006), in which this Court stated:

> This Court has held that, when a defendant knowingly and voluntarily agrees in a plea agreement to pay restitution, and then fails to object at sentencing to the restitution amount, he waives his right to challenge on appeal the factual basis of the restitution award. *Meerscheidt v. State*, 931 P.2d 220, 225–26 (Wyo.1997); *see also Penner v. State*, 2003 WY 143, ¶ 7, 78 P.3d 1045, 1047–48 (Wyo.2003); *Merkison v. State*, 996 P.2d 1138, 1141 (Wyo.2000). In this case, there is no doubt Chippewa voluntarily agreed to pay restitution as part of his plea agreement with the State. The record reveals that, contrary to his contention on appeal, Chippewa did not cogently object to the requested restitution amount during his sentencing hearing. Although Chippewa briefly expressed uncertainty as to whether certain specified items qualified as restitution, he presented no specific argument challenging the appropriateness of those items. Instead, Chippewa simply argued that he had no ability to pay restitution, regardless of the amount. The amount of restitution, therefore, was never properly placed before the district court at sentencing. Under the circumstances, we hold that Chippewa waived his right to challenge in this appeal the factual basis supporting the district court's restitution award.

*Id.*, ¶ 7, 126 P.3d at 131 (footnote omitted).

[¶ 10] A challenge to the legal authority of a sentencing court to impose restitution, however, is a different matter. It is essentially an allegation that an illegal sentence has been imposed:

> The distinction between whether a defendant is making a factual challenge to an order of restitution or whether he is challenging the authority of the trial court to make a particular award of restitution is an important one. Challenges to the factual basis of an award of restitution can be waived in certain circumstances by the de-

---

1. The sentencing court did make an express finding that Hite had the ability to pay. That finding is not at issue.

fendant's voluntary actions, such as entering into a plea agreement, and then failing to make any objection at sentencing, as occurred in *Meerscheidt*. *See also Aldridge v. State*, 956 P.2d 341, 343 (Wyo. 1998). Outside the context of a plea agreement, the failure to object to a factual determination in the awarding of restitution results in an appellate review for plain error. *See Gayler v. State*, 957 P.2d 855, 857 (Wyo.1998). In contrast, a challenge by a defendant to the authority of a trial court to make a particular award of restitution is reviewed on appeal under a *de novo* statutory interpretation standard whether or not the defendant objected or entered into á plea agreement. *Meerscheidt*, 931 P.2d at 223–224, 226–227. While not explicit in our decision in *Meerscheidt*, the reason for conducting a *de novo* review under such circumstances is that a court has only that authority to act which is conferred by the subject statute. *Aldridge*, 956 P.2d at 343. ("The trial court's exercise of discretion in ordering restitution does not spring from any inherent authority. Rather that exercise, like our review, is circumscribed by the statutes empowering the trial court to order restitution.") (citation omitted); *see also Horn v. State*, 556 P.2d 925, 927 (Wyo. 1976) ("[A] penal statute cannot be extended by implication or construction to persons or things not expressly brought within its terms, nor to cases not within the letter of the statute...."). An order of restitution by a trial court which exceeds the authority granted by the statutes governing restitution would be void, and a void order may be challenged at any time. *People v. Evans*, 122 Ill.App.3d 733, 78 Ill.Dec. 50, 461 N.E.2d 634, 639 (1984); see also *State ex rel. TRL by Avery v. RLP*, 772 P.2d 1054, 1057 (Wyo.1989). *Merkison v. State*, 996 P.2d 1138, 1141–42 (Wyo.2000) (emphasis omitted); *Bush v. State*, 2003 WY 156, ¶ 9, 79 P.3d 1178, 1182–83 (Wyo.2003). We will address the legality of the sentence despite the lack of proper objection.

### Restitution

[¶ 11] The legal authority of a sentencing court to impose restitution is sole-ly a creature of statute. *Lee v. State*, 2 P.3d 517, 527 (Wyo.2000); *Barnes v. State*, 670 P.2d 302, 303–04 (Wyo.1983). At issue in this appeal is whether the district court had the statutory authority to order the restitution payment of $5,400. As with all questions of law, we review the district court's legal decision in this matter de novo. *Coleman v. State*, 2005 WY 69, ¶ 11, 115 P.3d 411, 413 (Wyo.2005).

[¶ 12] We first note that the sentencing court did not specify a "victim." The Judgment and Sentence merely orders Hite to pay $5,400 to the clerk of court. The lack of identity of a "victim," however, has not been raised as an issue on appeal. As the appeal is presented, therefore, we will not address the issue except to note the Judgment and Sentence violates W.R.Cr.P. 32(c)(2)(H).

[¶ 13] Regardless of whom the victim is, a sentencing court only has statutory authority to "fix a reasonable amount as restitution owed to each victim for actual pecuniary damage resulting from the defendant's criminal activity." Wyo. Stat. Ann. § 7–9–103(b) (LexisNexis 2007). "Pecuniary damages" are defined by statute as "all damages which a victim could recover against the defendant in a civil action arising out of the same facts or event, including damages for wrongful death. It does not include punitive damages and damages for pain, suffering, mental anguish and loss of consortium[.]" Wyo. Stat. Ann. § 7–9–101(a)(iii) (LexisNexis 2007).

[¶ 14] The only information in the record is that restitution was ordered for payments made to the victim for "loss of support." Without further specificity, it is impossible to tell if "loss of support" fits the statutory definition of "pecuniary damage." "Support" is a generic term with many meanings. Probably most significantly for our purposes, "support" generally means to assist or help. That still leaves the field wide open. The parties suggest the payments were possibly for child support or spousal support. Even if these types of support qualify as pecuniary damages, which we doubt, these suggestions are only speculative and not sustained by

anything in the record.[2]  We are left, therefore, without an adequate evidentiary basis to uphold the order of restitution.

[¶ 15]  It is the responsibility of the State to prove a victim's legal entitlement to restitution.  *Hampton v. State,* 2006 WY 103, ¶ 11, 141 P.3d 101, 105 (Wyo.2006); *Renfro v. State,* 785 P.2d 491, 493–94 (Wyo.1990).  The State failed to satisfy its burden at sentencing.  Its failure leaves us with no choice but to reverse the restitution portion of the Judgment and Sentence.  *Penner,* ¶ 12, 78 P.3d at 1049 ("The State is not entitled to a second opportunity to prove restitution"); *Coleman,* ¶ 15, 115 P.3d at 415; *Van Riper v. State,* 999 P.2d 646, 648 (Wyo.2000).

**CONCLUSION**

[¶ 16]  "Loss of support" without further definition does not meet the requirements of the statutory mandate that restitution be ordered only for "pecuniary damages."  We reverse and remand for entry of an amended judgment and sentence consistent with this opinion.

2.  Hite's family and employment status as reflected in the record actually belie such supposi-
tions.