DAVIS, Justice.
[¶1] Sonya Smiley appeals from the judgment and sentence entered after her guilty plea to one count of being an accessory to the second-degree sexual abuse of a minor and one count of third-degree sexual abuse of a second minor. She contests only a restitution award of $17,515.20 to Wyoming Medicaid for its expenditures on behalf of the second victim. We affirm.
ISSUES
[¶2] Smiley challenges the restitution on two bases:[1]
1. The amount awarded was not supported by sufficient evidence.
2. The district court otherwise abused its discretion in making that award because Smiley lacked the financial resources to pay it.
FACTS
[¶3] Between January 1, 2015 and May 8, 2016, two teen girls fell under the sway of Smiley and her husband. The couple offered to take care of fifteen-year-old AM after school and on weekends, purportedly to assist her busy single mother. They initially treated her well, buying her gifts and taking her to social events, and they eventually had her stay at their home for extended periods of time. Sometimes AM was accompanied by her fourteen-year-old friend AH, and the two teens would spend the night at the Smiley home.
[¶4] After several months, Smiley and her husband began to suggest to AM that, because they had done so many nice things for *176 her, she should return the favor. Thus began a series of overtly sexual activities with the child, which need not be described in detail here. The Smileys also involved AH in some of these activities and frequently photographed the girls while they modeled lingerie and bathing suits for them. Ultimately, they induced AM to perform oral sex on Smiley's husband.
[¶5] In late December of 2016, the Natrona County District Attorney charged Smiley with six felonies, four related to the sexual abuse of AM and two related to the sexual abuse of AH. She waived a preliminary hearing in the circuit court and was arraigned in district court on February 9, 2017. Smiley sought to change her previously entered not guilty pleas on March 29, with an April 10, 2017 trial pending. Two days later, the district court continued the trial and scheduled a hearing on April 27 for that purpose.[2]
[¶6] The prosecutor advised the court at the change of plea hearing that Smiley had agreed to plead guilty to Counts One and Six of the Second Amended Information in exchange for the dismissal of the remaining charges. There was no agreement with respect to sentencing, other than that the two sentences would run concurrently.
[¶7] With respect to Count One, being an accessory to the second-degree sexual abuse of a minor by sexual intrusion, Smiley admitted coaching AM in the proper way to perform fellatio on her husband. With respect to Count Six, committing third-degree sexual abuse by taking indecent liberties with a minor, she admitted encouraging AH to wear a "submissive sex-slave collar" in front of her and her husband.
[¶8] After accepting her pleas, the court ordered probation and parole authorities to prepare a presentence investigation report. Sentencing was set for June 8, 2017.
[¶9] The presentence investigation report indicated that the Wyoming Division of Victims Services had requested $495.24 and Wyoming Medicaid had requested $17,515.20, and that both requests had been "verified." It further noted that Victims Services paid out $350.00 on behalf of AH and $145.24 on behalf of AM. It also said that Wyoming Medicaid paid the full $17,515.20 on behalf of AH "for bills incurred as a result of these offenses."
[¶10] AH's mother offered additional information about the proposed restitution award in her victim impact statement. She recounted that her daughter suffered from anxiety and post-traumatic stress disorder because of the Smileys' actions, and that as a result, she repeatedly hurt herself and attempted suicide. Her mother obtained various forms of counseling for her, but the grave nature of her psychological condition necessitated two "stays" with the Wyoming Behavioral Institute in the year between March of 2016 and the date of sentencing.[3]
[¶11] Toward the end of the hearing, Smiley's attorney briefly addressed the issue of restitution:
The only issue I have is the amount of restitution for specifically Wyoming Medicaid is $17,515.20. I'm not saying that it's not legitimate, but I was never provided any documentation. There's simply checked, verified, yes. I don't even know what it was for. If I can just be provided documentation-I'm assuming it was for counseling, but I don't know. But if I could be provided that, I would not have an objection.[4 ] But, nonetheless, I don't think that Ms. Smiley should be ordered to pay restitution. She has absolutely no dis-no ability to pay. She's on disability. You would be essentially robbing Peter to pay Paul, so to speak, taking from one government agency to pay another. And I don't *177 think that restitution in this case is warranted.
[¶12] The district court ordered that Smiley and her husband were jointly and severally liable for the requested amount of restitution, and sentenced her to concurrent terms of eighteen to twenty years on Count One and ten to fifteen years on Count Six. She timely perfected this appeal.
DISCUSSION
The Amount of Restitution
[¶13] This Court evaluates Smiley's factual challenge to the amount of restitution ordered for a clear abuse of discretion. Consistent with that standard, we view the evidence as sufficient to support the sentencing court's decision if it affords a reasonable basis for estimating a victim's loss. Guinard v. State , 2014 WY 140, ¶ 6, 337 P.3d 426, 428 (Wyo. 2014) ; Frederick v. State , 2007 WY 27, ¶¶ 14-15, 151 P.3d 1136, 1141 (Wyo. 2007). A court may reasonably rely on the contents of a victim impact statement or a presentence investigation report as sufficient in that regard. Frederick , ¶ 14, 151 P.3d at 1141 ; Penner v. State , 2003 WY 143, ¶ 7, 78 P.3d 1045, 1047 (Wyo. 2003) ; Brock v. State , 967 P.2d 26, 27-28 (Wyo. 1998) (victim's mother simply asked for $500 to cover deductible in insurance policy that would be used to pay for child's counseling).
[¶14] We conclude that the evidence contained in the presentence investigation report and the victim impact statement made by AH's mother at the sentencing hearing together provided minimal but sufficient support for the district court's award of $17,515.20 to Wyoming Medicaid. The amount of the Medicaid claim, and the fact that it related to treatment for harm done to AH by the Smileys were said to be "verified" by the author of the report.[5] The mother's statement established to at least a reasonable degree that such treatment included two periods of residential treatment for her self-harming and suicidal daughter at the Wyoming Behavioral Institute. The amount of the award is not obviously inconsistent with the care the record shows was provided. In short, the district court had a reasonable basis for establishing Wyoming Medicaid's loss.
[¶15] Moreover, we note that Smiley waived her challenge to the factual basis for the award or its accuracy in any event. Such a challenge may be deemed waived for the purposes of appeal if a defendant enters into a plea agreement and then fails to properly object to the amount of restitution at the appropriate time. Frederick , ¶ 15, 151 P.3d at 1141 ; Penner , ¶ 7, 78 P.3d at 1047-48. The objection must be both cogent and specific. A brief expression of uncertainty without further argument about the amount claimed, while primarily addressing the defendant's ability to pay, will not suffice to preserve the former for appeal. Chippewa v. State , 2006 WY 11, ¶ 7, 126 P.3d 129, 131 (Wyo. 2006). Counsel's statements were of the sort held insufficient to constitute a proper objection in Chippewa . The limited evidence was sufficient to support the award, and there was an inadequate challenge to that evidence.
The Ability to Pay
[¶16] Smiley contends that the district court abused its discretion by awarding restitution in the face of evidence that she supported herself through Social Security disability payments, that she had grave health problems requiring surgery, and that she would be in prison for a lengthy period of time. However, Wyo. Stat. Ann. §§ 7-9-102 and 103(c) (LexisNexis 2017) require the court to order the payment of restitution unless it specifically and expressly finds she has no present ability to pay, and that there is no reasonable probability that she will develop some ability to do so in the future. In ordering restitution, the court was not required to analyze Smiley's financial resources in detail or to make findings as to her income or financial obligations. Shafer v. State , 2015 WY 38, ¶ 10, 344 P.3d 284, 287 (Wyo. 2015). It was entitled to take into account the possibility that she might be able to earn income *178 while imprisoned, and it would not abuse its discretion in ordering restitution even in light of a suspicion that there was a reasonable possibility she would not be able to pay. Nixon v. State , 4 P.3d 864, 871 (Wyo. 2000).
[¶17] Smiley introduced no evidence that government assistance she received would be eliminated once she was imprisoned. Nor was there evidence that her physical condition could not improve or otherwise allow her to earn money through prison work in the course of her lengthy incarceration.
[¶18] Because it was not shown that there was no reasonable probability that Smiley could at some future point in time assist her husband in paying a portion of the ordered restitution, we cannot fault the district court for ordering it.
CONCLUSION
[¶19] The order requiring Smiley and her husband to be jointly and severally liable for the payment of $17,515.20 in restitution to Wyoming Medicaid is affirmed.

Neither attack is directed to whether Wyoming Medicaid is a proper "victim" under the restitution statutes, or whether the district court somehow exceeded its statutory authority to grant restitution.

The April 10 trial date was evidently continued, although we are unable to locate an order to that effect in the record provided us.

We read the word "stays" as indicating that AH was twice admitted to that facility for residential treatment.

The foregoing, when viewed in its entirety, scarcely seems like an objection to the amount of restitution or the adequacy of the factual basis to it. It reads more like an offer of a conditional stipulation to those matters that would become unconditional upon documentation that Medicaid was paying for counseling. The only clear and cogent objection to an award of restitution appears to be directed at Smiley's ability to pay.

We note that saying no more than that a matter is verified is not particularly helpful to the parties, the trial court, or this Court. Even a very brief mention of what exactly was verified and how it was verified would likely provide needed clarity.