# IN THE SUPREME COURT, STATE OF WYOMING

# 2022 WY 113

APRIL TERM, A.D. 2022

September 20, 2022

MICHAEL JOHN CORR,

Appellant
(Defendant),

v.                                                          S-22-0064

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Natrona County*
*The Honorable Kerri M. Johnson, Judge*

*Representing Appellant:*
> Office of the State Public Defender: Diane Lozano, Wyoming State Public Defender; Kirk A. Morgan, Chief Appellate Counsel.

*Representing Appellee:*
> Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Joshua C. Eames*, Senior Assistant Attorney General; Donovan Burton, Assistant Attorney General.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

*\*An Order Allowing Withdrawal of Counsel was entered on August 1, 2022.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Chief Justice.**

[¶1]   Michael John Corr pled guilty to felony property destruction. On appeal, he challenges the restitution award of $7,398 to the victim, claiming the State did not present sufficient credible evidence to support the award. We affirm.

## *ISSUE*

[¶2]   The dispositive issue on appeal is:

> Did Mr. Corr waive his right to contest the amount of restitution when he failed to timely object to the victim's damages identified in the presentence investigation report?

## *FACTS*

[¶3]   On the evening of May 6, 2021, the owner of a motel in Casper, Wyoming saw Mr. Corr pulling copper wiring from the motel's electrical panel with his truck. The owner photographed Mr. Corr and his vehicle, and Mr. Corr fled. The owner then reported the incident to the Casper Police Department.

[¶4]   The responding officer "observed the electrical box had been pulled away from the West facing wall and the conduit which contained the copper wire along with the copper wire had been cut down to the concrete slab." The owner reported that before Mr. Corr's actions, "the electrical box had been properly attached to the wall, the conduit was undamaged, and the copper wire had extended all the way into the box." The officer estimated the value of the missing copper wire to be approximately $200. At that time, the owner was unable to estimate the cost to repair the damaged property but believed it could cost several thousand dollars as the entire main line would require replacement.

[¶5]   The State charged Mr. Corr with one count of misdemeanor theft and one count of felony property destruction and defacement. The circuit court bound Mr. Corr over to district court where he pled not guilty to the charges. The State and Mr. Corr thereafter reached a plea deal under which Mr. Corr agreed to plead guilty to the felony count in exchange for the State's dismissal of the misdemeanor count. The parties agreed to probation but had no agreement on the length of the suspended sentence.

[¶6]   At the change of plea hearing, defense counsel advised the district court that the amount of restitution may be a contested issue requiring a hearing. The court summarized the agreement for Mr. Corr and, in doing so, advised him of his right to contest the amount of restitution. In entering his guilty plea, Mr. Corr admitted to damaging the motel's electrical box and that the cost of repairs would exceed $1,000.

1

[¶7]    The district court accepted Mr. Corr's guilty plea and ordered a presentence investigation. Its order directed:

> [C]ounsel for the State and Defense shall file and serve on opposing counsel, not less than three (3) working days prior to sentencing, any material objections as to the accuracy of the Presentence Investigation Report concerning: 1) Terms of the plea agreement, 2) Prior Offense History, or 3) Restitution and costs. Failure to timely present these objections may be considered a waiver of any objection and/or subject to sanction.

[¶8]    On December 28, 2021, the Department of Corrections filed its presentence investigation (PSI) report, and on that same date, the district court set Mr. Corr's sentencing for February 8, 2022. The PSI's writer noted she had been unable to reach the victim for an impact statement but stated that "there was an estimate for repair of the damage made to the [victim's] property from Modern Electric in the court file totaling seven thousand three hundred ninety eight dollars ($7,398.00)."

[¶9]    At sentencing, the State asked that Mr. Corr's sentence include $7,398 in restitution to the victim. It noted the victim had provided the estimate, and the property damage had been substantial. Defense counsel objected to the restitution calculation.

> Your Honor, as far as the restitution, the restitution was not verified. They mentioned in the report that they tried to reach out to the victim and just did not get any response. They were only provided that one estimate. And I know that there was already preexisting damage to the electric panel that was damaged, so I don't know if that factored in. . . . I don't know if – what the status of that building is. I don't know if they've made any repairs to it. I don't know if they made an insurance claim.
>
> So we have a lot that's just out in the open, and I don't think that restitution is – should be ordered under the circumstances as I don't think we have enough evidence to support the figure of $7,398.

[¶10]   The State did not have a copy of the estimate but noted that it had been provided to the defense during discovery. It argued:

> I would just also note for the Court, Your Honor, that within the order for presentence investigation, it says in there that if

2

they have any objection to anything within the presentence investigation, that they will file within, what, three days before the sentencing any objection to anything within there. It does indicate the amount of restitution. I think restitution has been verified, and they didn't object to that. Otherwise, we would probably have [the owner] here to even provide testimony for the Court.

[¶11] Defense counsel confirmed that he had received a copy of the estimate and explained that he "would have filed a formal written objection had the amount of restitution been verified." The district court sentenced Mr. Corr to three to five years in prison, suspended in favor of three years of probation. As to restitution, it ruled:

> In this case, I am going to order restitution in the amount of $7,398. I believe, one, it was part of a plea agreement that restitution would be paid. Second, I think that an estimate is sufficient proof of money owed, and the Court can order that based on a victim coming in and providing evidence either in the form of estimate or testimony that they've suffered this damage. And so I'm going to order that be paid over the term of probation in this case.

## STANDARD OF REVIEW

[¶12] "Challenges to the factual basis for a restitution order are reviewed for procedural error or clear abuse of discretion." *Cave v. State*, 2022 WY 30, ¶ 8, 505 P.3d 191, 194 (Wyo. 2022) (quoting *Freeman v. State*, 2019 WY 86, ¶ 9, 448 P.3d 194, 196 (Wyo. 2019)). "A court abuses its discretion only when it could not reasonably decide as it did." *Cave*, 2022 WY 30, ¶ 8, 505 P.3d at 194 (quoting *Steffey v. State*, 2019 WY 101, ¶ 18, 449 P.3d 1100, 1105 (Wyo. 2019)). "[W]e may affirm the district court's judgment on any basis supported by the record." *Sparks v. State*, 2019 WY 50, ¶ 22, 440 P.3d 1095, 1103 (Wyo. 2019) (citing *Allgier v. State*, 2015 WY 137, ¶ 11, 358 P.3d 1271, 1275 (Wyo. 2015)).

## DISCUSSION

[¶13] Although Mr. Corr challenges the sufficiency of the evidence supporting the restitution award, we need not reach that question. We instead affirm on the alternative basis argued by the State, that Mr. Corr waived his right to contest the amount of restitution when he failed to timely object to the victim's damages identified in the presentence investigation report.

[¶14] "Challenges to the *factual* basis of an award of restitution can be waived in certain circumstances by the defendant's voluntary actions, such as entering into a plea agreement,

3

and then failing to make any objection at sentencing, . . ." *Merkison v. State*, 996 P.2d 1138, 1141 (Wyo. 2000) (emphasis in original) (citing *Aldridge v. State*, 956 P.2d 341, 343 (Wyo. 1998)); *see also Freeman*, 2019 WY 86, ¶ 25, 448 P.3d 194 at 199 ("A defendant may waive the right to contest the factual basis for a restitution order."). In *Freeman* and *Merkison*, we found waivers because the defendants agreed to pay restitution as part of a plea agreement and did not object to the amount of restitution at sentencing. *See also Smiley v. State*, 2018 WY 50, ¶ 15, 417 P.3d 174, 177 (Wyo. 2018). The circumstances here also support a waiver.

[¶15]   In the district court's order for a presentence investigation, it directed the parties to file any objections to the PSI report at least three days before sentencing, including any objections to the accuracy of the report concerning restitution. It cautioned that failure to do so may result in a waiver. During discovery, Mr. Corr received a copy of the damages estimate the owner had provided the State, and as early as the change of plea hearing he knew he might want to contest that estimate. The PSI report then cited the same estimate, indicated where it came from, and identified the company that had prepared it. *See Smiley*, 2018 WY 50, ¶ 13, 417 P.3d at 177 (noting court may reasonably rely on PSI report as reasonable basis for estimating victim's loss). Nonetheless, and despite the district court's specific admonition, Mr. Corr did not object to the PSI report's reliance on the owner's earlier provided estimate. Nor did he request an evidentiary hearing on restitution. Under these circumstances, Mr. Corr waived the right to contest the factual basis for the court's restitution order.

[¶16]   Affirmed.