**Todd BROCK, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 97–364.

Supreme Court of Wyoming.

Nov. 16, 1998.

Sylvia L. Hackl, State Public Defender; and Donna D. Domonkos, Appellate Counsel, for Appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Kimberly A. Baker–Musick, Assistant Attorney General, for Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

TAYLOR, Justice, Retired.

Having pled no contest to one count of taking indecent liberties with a minor in violation of Wyo. Stat. § 14–3–105(a) (Cum. Supp.1996) and one count of criminal entry in violation of Wyo. Stat. § 6–3–302(a) (1997), appellant's sentence included an order of restitution in the amount of $500.00. Appellant contests only the restitution order. Finding sufficient credible evidence to support the restitution amount, we affirm.

## I.  ISSUES

Appellant, Todd Brock (Brock), raises the following issue:

> Whether the trial court erred when it ordered restitution which was not supported by credible evidence?

The State of Wyoming, as appellee, phrases the issue as:

* Chief Justice at time of expedited conference;    retired 11/2/98.

Whether the trial court abused its discretion when it sentenced appellant to make restitution in the amount of $500?

## II. FACTS

At 2:00 a.m. on August 14, 1996, thirty-seven-year-old Brock entered his girlfriend's home, highly intoxicated and without her permission. The girlfriend's fourteen-year-old daughter was asleep on the couch. Brock raised the sheet which covered the girl, and fondled her vaginal area.

Claiming to have no memory of the incident, Brock pled no contest to one count of taking indecent liberties with a minor and one count of criminal entry. At his sentencing, the victim impact statement contained within the presentence investigation report was used as the basis for ordering restitution in the amount of $500.00. In her impact statement, the victim's mother requested that Brock be ordered to pay her insurance policy deductible of $500.00 to cover the costs of counseling for the victim. To that end, the district court ordered Brock to pay $500.00 into the court which would be paid out to the victim as needed for counseling. Any amount remaining unused at the end of Brock's five-year probation term would be returned to Brock.

## III. STANDARD OF REVIEW

■ Wyo. Stat. § 7–9–103 (1995) requires the court to order restitution in a fixed, reasonable amount unless it specifically finds that the defendant is unable to pay. The amount of restitution fixed by the district court should be supported by evidence sufficient to afford a reasonable basis for estimating the loss. * * * A challenge to the amount of restitution set by the court must demonstrate an abuse of discretion.

*Hilterbrand v. State*, 930 P.2d 1248, 1250 (Wyo.1997).

"Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously."

*Vaughn v. State*, 962 P.2d 149, 151 (Wyo. 1998) (*quoting Martin v. State*, 720 P.2d 894, 897 (Wyo.1986)).

## IV. DISCUSSION

■ Brock's only complaint is that there was no credible evidence to provide a reasonable basis for ordering restitution. Brock cites to *Renfro v. State*, 785 P.2d 491, 494 (Wyo.1990), where, in the context of discussing whether to remand for proof of restitution amount, we quoted language from another jurisdiction's case law to the effect that ordering restitution relying solely on a presentence investigation report and without holding a hearing is error requiring deletion of the restitution provision. Brock stretches this dictum into a conclusion that the victim impact statement, which is included within the presentence investigation report, is not credible evidence.

■ Brock's assertion is in direct conflict with *Mehring v. State*, 860 P.2d 1101, 1116 (Wyo.1993), in which we considered the importance of Wyo. Stat. §§ 7–21–101—7–21–103 (1997), dealing with victim impact statements. Wyo. Stat. § 7–21–102 provides crime victims an opportunity to present to the sentencing court an explanation of the physical, emotional, and financial harm suffered as a result of the crime. This information may be presented either orally at the sentencing hearing or in a written statement to the Department of Corrections to be appended to the presentence investigation report. The victim impact statement is accorded special status and is intended to "permit the sentencing court to consider information about the harm caused by the defendant during the commission of the particular crime for which sentence is about to be imposed." *Mehring*, 860 P.2d at 1116. Certainly, it is credible evidence upon which a district court may impose a restitution amount.

Here, the victim impact statement was given to the probation officer responsible for Brock's presentence investigation. The victim's mother specifically requested $500.00 in restitution to pay her insurance policy deductible so that the victim could receive

counseling. The district court's order of restitution in that amount, paid out as needed by the victim, ensures that counseling will be received to alleviate the harm caused by Brock, but Brock will pay only what is actually required to provide this assistance. This order is reasonable and prudent.

## V. CONCLUSION

In this case, the victim impact statement submitted as part of the presentence investigation report contained sufficient information to afford a reasonable basis for estimating the victim's loss. The district court exercised sound judgment with regard to what was right under the circumstances. There is no abuse of discretion, and the district court's order of restitution in the amount of $500.00 is hereby affirmed.