2007 WY 169

**Bryan Keith GLOVER, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. S–07–0074.**

Supreme Court of Wyoming.

Oct. 25, 2007.

---

Representing Appellant: Diane Lozano, State Public Defender; Tina N. Kerin, Appellate Counsel.

Representing Appellee: Patrick J. Crank, Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; James Michael Causey, Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

KITE, Justice.

[¶ 1] Bryan Keith Glover was convicted by a jury of misdemeanor battery. In addition to sentencing him to a period of incarceration, the district court ordered Mr. Glover to pay restitution to the victim and reimburse the State of Wyoming for his court-appointed counsel fees. In his appeal to this Court, Mr. Glover claims the district

court erred in ordering him to make those payments. We find no error and affirm.

## ISSUES

[¶ 2] The parties are in agreement that the issues for this Court's determination are whether the district court erred in ordering Mr. Glover to pay restitution to the victim and to reimburse the State for his public defender fees.

## FACTS

[¶ 3] On April 9, 2006, Mr. Glover went to the Wheel–In Bar in Big Piney, Wyoming and took the car that his estranged wife had driven to the bar. Upon discovering the car was gone from the parking lot, Mr. Glover's wife and Deena Longoria went to Mr. Glover's home to retrieve the car. Mrs. Glover gave the keys to Ms. Longoria and asked her to drive. As Ms. Longoria got into the car, Mr. Glover punched her in the face, fracturing her nose and both eye sockets. Ms. Longoria was required to undergo reconstructive surgery to repair the damage to her face and left eye.

[¶ 4] The State charged Mr. Glover with aggravated assault and battery. A jury convicted him of misdemeanor battery, a lesser included offense. The district court sentenced him to 180 days in jail with credit for 180 days served prior to imposition of the sentence and Mr. Glover was released from jail. The district court also ordered Mr. Glover to pay $101,213.71 in restitution to Ms. Longoria, which included $11,840 in future medical costs for reconstructive eye surgery. Additionally, the district court ordered Mr. Glover to pay $12,500 in public defender fees.

## STANDARD OF REVIEW

[¶ 5] We review factual challenges to district court orders awarding restitution for abuse of discretion. An order awarding restitution should be supported by sufficient evidence to afford a reasonable basis for estimating the loss. A victim impact statement is credible evidence to support an order of restitution. *Frederick v. State,* 2007 WY 27, ¶ 14, 151 P.3d 1136, 1141 (Wyo.2007).

[¶ 6] Mr. Glover did not object to the district court's order requiring him to reimburse the State for the public defender fees. We review claims of error where no objection was made in district court for plain error. This standard requires Mr. Glover to prove: the incident alleged as error clearly appears in the record, the alleged error violated a clear and unequivocal rule of law, and the error denied him a substantial right resulting in material prejudice. *Martin v. State,* 2007 WY 2, ¶ 31, 149 P.3d 707, 714 (Wyo.2007).

## DISCUSSION

### 1. *Restitution*

[¶ 7] Mr. Glover claims the evidence presented was not sufficient to establish that his conduct proximately caused Ms. Longoria's pecuniary damages. He asserts the State provided no direct, credible evidence at the sentencing hearing concerning Ms. Longoria's damages or Mr. Glover's involvement in inflicting them. He argues the only evidence presented, which consisted of the hearsay testimony of Robin Clover, the director of the domestic violence sexual assault program, about statements Ms. Longoria and her doctor made to her concerning future medical care and past and future medical bills, was insufficient to support the district court's order.

[¶ 8] The State responds that the district court was required to order Mr. Glover to pay restitution unless it specifically found he had neither the present nor future ability to pay. The State further asserts that the evidence presented at trial clearly showed that Mr. Glover battered Ms. Longoria, resulting in severe facial injuries requiring extensive medical care and a jury verdict finding him guilty of battery. The State also points out that Mr. Glover admitted at sentencing that he caused Ms. Longoria's injuries. Finally the State asserts that the amount of Ms. Longoria's pecuniary damages was properly established at the sentencing hearing through the testimony of the victim's advocate.

[¶ 9] Wyoming's restitution statutes provide in relevant part:

§ 7–9–101.  Definitions.

* * * *

(iii) "Pecuniary damage" means all damages which a victim could recover against the defendant in a civil action arising out of the same facts or event, including damages for wrongful death.  It does not include punitive damages and damages for pain, suffering, mental anguish and loss of consortium.

(iv) "Restitution" means full or partial payment of pecuniary damage to a victim.

(v) "Victim" means a person who has suffered pecuniary damage as a result of a defendant's criminal activities.  An insurer which paid any part of a victim's pecuniary damages shall be regarded as the victim only if the insurer has no right of subrogation and the insured has no duty to pay the proceeds of restitution to the insurer.

§ 7–9–102.  Order to pay upon conviction.

In addition to any other punishment prescribed by law the court shall, upon conviction for any misdemeanor or felony, order a defendant to pay restitution to each victim as determined under W.S. 7–9–103 and 7–9–114 unless the court specifically finds that the defendant has no ability to pay and that no reasonable probability exists that the defendant will have an ability to pay.

§ 7–9–103.  Determination of amount owed; execution.

(a) As part of the sentencing process including deferred prosecutions under W.S. 7–13–301, in any misdemeanor or felony case, the prosecuting attorney shall present to the court any claim for restitution submitted by any victim.

(b) In every case in which a claim for restitution is submitted, the court shall fix a reasonable amount as restitution owed to each victim for actual pecuniary damage resulting from the defendant's criminal activity, and shall include its determination of the pecuniary damage as a special find-

ing in the judgment of conviction or in the order placing the defendant on probation under W.S. 7–13–301.  In determining the amount of restitution, the court shall consider and include as a special finding, each victim's reasonably foreseeable actual pecuniary damage that will result in the future as a result of the defendant's criminal activity. . . .

(c) The court shall order the defendant to pay all or part of the restitution claimed or shall state on the record specific reasons why an order for restitution was not entered.  If the court determines that the defendant has no ability to pay and that no reasonable probability exists that the defendant will have an ability to pay in the future, the court shall enter specific findings in the record supporting its determination.

[¶ 10]  Pursuant to these provisions, the district court was required to order Mr. Glover to pay all or part of the damages Ms. Longoria could recover against him in a civil action for battery, including reasonably foreseeable future damages, unless the court found that Mr. Glover had no ability to pay at the time of his conviction and no reasonable probability of being able to pay in the future.  Substantial evidence was presented at trial showing that Mr. Glover inflicted the injuries sustained by Ms. Longoria.  Based upon the evidence presented, the jury found Mr. Glover guilty of battery.  At the sentencing hearing, Mr. Glover admitted that he struck Ms. Longoria and caused her injuries.  There is no question Ms. Longoria could have recovered damages in the amount of her medical bills in a civil action arising out of the battery, including reasonably foreseeable future bills.

[¶ 11]  Testimony presented at trial showed that Ms. Longoria suffered severe injuries as a result of Mr. Glover striking her, including a Le Forte fracture,[1] a nasal ethmoid complex fracture,[2] a comminuted

---

1.  Dr. Terry Baker, Ms. Longoria's treating physician testified that a Le Forte fracture is one in which the mid-face between the mandible and the forehead is completely disassociated from the skull.

2.  Dr. Baker testified that a nasal ethmoid complex fracture is a "telescoping" fracture, meaning the nose is pushed in, involving the nose and the ethmoid sinuses.

fracture of the left eye orbit,[3] a fractured zygoma and fractures of both maxilla. Testimony presented at the sentencing showed that Ms. Longoria's medical bills totaled $101,213.71, including $11,840.00 for future reconstructive eye surgery which her doctor indicated was necessary. Although the testimony as to the amount of the medical bills came from the victim's advocate, rather than Ms. Longoria herself, we have held in previous cases that the evidence necessary to support a restitution award is that which affords a reasonable basis for estimating the loss. *Brock v. State*, 967 P.2d 26, 27 (Wyo. 1998). Thus, we held a victim impact statement contained in a pre-sentence report in which the victim's mother requested $500 to cover the cost of counseling for her daughter constituted credible evidence for ordering restitution. *Id.* Similarly, in a larceny by bailee case, we held a victim's statement contained in a pre-sentence report requesting restitution for unpaid car rental charges and costs associated with physical damage to the vehicle afforded a reasonable basis for ordering restitution. *Stowe v. State*, 10 P.3d 551 (Wyo.2000). Like the victim impact statements, the victim's advocate testimony reciting Ms. Longoria's medical bills afforded a reasonable basis for the district court's restitution order. We hold the evidence was sufficient to support the order.

[¶ 12] Mr. Glover also contends that the district court did not make the required finding that he had the present or future ability to pay the restitution, the evidence suggested he did not and will not have that ability and the district court's restitution order must be reversed. The plain language of Wyo. Stat. Ann. § 7–9–102 (LexisNexis 2007) does not require the district court to specifically find that the defendant has or will have the ability to pay. Rather, the provision requires the court to make a specific finding only when it determines the defendant does not have the ability to pay. Apparently, the district court concluded a reasonable probability existed that Mr. Glover had or would have an ability to pay. From the record before us, we hold the district court could reasonably have reached that conclusion. Evidence was presented at trial showing that Mr. Glover worked on a gas rig at the time of the offense. He told the judge at the sentencing hearing that he wanted to serve his time and get back to his family who needed his support. The district court did not abuse its discretion in failing to specifically find that Mr. Glover did not and probably would not in the future have an ability to pay restitution.

**2. *Reimbursement of Public Defender Fees***

[¶ 13] Mr. Glover also contends the district court committed error when it ordered him to reimburse the State for his public defender's fees in the amount of $12,500. Mr. Glover did not object to the order in district court. Therefore, we apply the plain error standard which requires Mr. Glover to show that the incident alleged as error clearly appears in the record, the alleged error violated a clear and unequivocal rule of law, and the error denied him a substantial right resulting in material prejudice. *Martin*, ¶ 31, 149 P.3d at 714.

[¶ 14] Mr. Glover's claim fails because he cannot show that the district court's order requiring him to reimburse the State for his public defender's fees violated a clear and unequivocal law. Wyo. Stat. Ann. § 7–6–106(c) (LexisNexis 2007) provides:

(c) In every case in which a person has received services under W.S. 7–6–104, the presiding judge shall determine whether the person ... is able to provide any funds toward payment of part or all of the cost associated with such services. If the person ... is not able to provide any funds towards payment of costs, the court shall enter a specific finding on the record. If the court determines the person ... is able to provide any amount as reimbursement, the court shall order the person ... to reimburse the state for all or part of the costs of the services provided or shall state on the record the reasons why an order for reimbursement was not entered.

3. According to Dr. Baker, the left eye was displaced downward and in, the bones of the orbit were remarkably fractured, causing the orbit to rupture and it contents to go down into the sinus, and the eye was fixed in one position because the muscles had been impinged with bone.

[¶ 15] In *James v. State*, 998 P.2d 389, 397 (Wyo.2000), this Court concluded that this provision directs the district court to either order reimbursement in some amount or explain why the defendant could not pay something. The court concluded the statutory language requires the inference "that the legislature intended for a presiding court to presume that all defendants had either a present or future ability to pay unless proved otherwise." *Id.* On that basis, we held that it was reasonable for the district court to order the defendant to reimburse the State the amount of the public defender fees.

[¶ 16] Given the legislative intent that sentencing courts are to presume a present or future ability to pay unless a defendant proves otherwise, Mr. Glover cannot show that the district court violated a clear rule of law in ordering him to reimburse the State for his public defender fees. The evidence at trial showed Mr. Glover was employed at the time of the offense, he told the court at the sentencing hearing that he wanted to get this incident behind him and return to supporting his family and no evidence was presented to suggest that he did not or would not have the ability to pay. Under these circumstances, we find no error in the district court's order.

[¶ 17] Affirmed.