# IN THE SUPREME COURT, STATE OF WYOMING

## 2024 WY 139

OCTOBER TERM, A.D. 2024

December 31, 2024

WILLIAM COREY HOLLIDAY,

Appellant
(Defendant),

v.                                                    S-24-0162

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Johnson County*
*The Honorable Benjamin S. Kirven, Judge*

*Representing Appellant:*
>Office of the State Public Defender: Brandon Todd Booth, State Public Defender*; Kirk A. Morgan, Chief Appellate Counsel; H. Michael Bennett, Senior Assistant Public Defender.

*Representing Appellee:*
>Bridget L. Hill, Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General; John J. Woykovsky, Senior Assistant Attorney General.

*Before FOX, C.J., and BOOMGAARDEN, GRAY, FENN, and JAROSH, JJ.*

*An Order Substituting Brandon Booth for Ryan Roden was entered on October 10, 2024.

**NOTICE:** **This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Justice.**

[¶1]   William Corey Holliday appeals the district court's restitution order, asserting the amount owed was not supported by sufficient evidence.  Finding no abuse of discretion in the court's reliance on victim testimony at the restitution hearing, we affirm.

### *ISSUE*

[¶2]   We are asked to determine whether the district court abused its discretion when it determined the restitution amounts owed to three victims.

### *FACTS*

[¶3]   In 2023, the State charged Mr. Holliday with ten counts of burglary, alleging that over the course of several months, Mr. Holliday opened unlocked cars and removed money and other small items of value.  Mr. Holliday and the State entered a plea agreement.  In exchange for a plea of no contest, the State recommended a sentence of six-and-one-half to ten years on each count, with all sentences to run concurrently.  Mr. Holliday also agreed to pay restitution as part of the plea agreement.  At the sentencing hearing, Mr. Holliday objected to the restitution amount, alleging the amounts reported in the presentence investigation report for certain victims were higher than the amounts alleged in the probable cause affidavits that accompanied the Information.[1]  The court continued the restitution component of sentencing to a second hearing.

[¶4]   At the restitution hearing, the State presented witness testimony to provide evidence of the victim's damages.[2]  Two witnesses were victims, referred to as JK and KC, and one was a victim coordinator for a victim identified as KF.  JK testified $200 in tip money was stolen from his car, despite previously informing police officers the amount was between $150 and $200.  KC testified $235 in cash was stolen from her car even though she reported to the police that only $175 was stolen.  The victim coordinator testified about KF's stolen sunglasses valued at $250 and the loss of $57 in cash.  The district court entered a restitution order for $2,777, including $200 to JK, $235 to KC, and $307 to KF.  Mr. Holliday timely appeals.

### *STANDARD OF REVIEW*

---

[1] The original Information included eight counts of burglary and was accompanied by a probable cause affidavit for those charges.  The State filed an Amended Information adding two more counts of burglary.  The Amended Information was accompanied by a probable cause affidavit addressing only the two new charges.

[2] Mr. Holliday initially contested the amounts due to four victims, so four witness testified at the restitution hearing.  On appeal, he only contests three of those amounts.

[¶5]     When a party challenges a restitution order for sufficiency of the evidence, we review the district court's decision for an abuse of discretion. *O'Halloran v. State*, 2014 WY 95, ¶ 11, 331 P.3d 121, 124–25 (Wyo. 2014) (citing *Frederick v. State,* 2007 WY 27, ¶¶ 14–15, 151 P.3d 1136, 1141 (Wyo. 2007)). "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily and capriciously." *Id.* (citation omitted); *Penner v. State*, 2003 WY 143, ¶ 7, 78 P.3d 1045, 1047 (Wyo. 2003) (citation omitted). "In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did." *Hilterbrand v. State*, 930 P.2d 1248, 1250 (Wyo. 1997) (citing *Christensen v. State*, 854 P.2d 675, 678 (Wyo. 1993)).

## *DISCUSSION*

[¶6]     After a defendant is convicted of a misdemeanor or felony, the sentencing court must "order a defendant to pay restitution to each victim . . . unless the court specifically finds that the defendant has no ability to pay and that no reasonable probability exists that the defendant will have an ability to pay." Wyo. Stat. Ann. § 7-9-102 (2023). Victims may only receive pecuniary damages arising from the defendant's criminal activity, not punitive damages or pain and suffering types of damages. Wyo. Stat. Ann. § 7-9-101(a)(iii), (v). The State bears the burden to prove, by a preponderance of the evidence, the amount of restitution owed to each victim. *Kuebel v. State*, 2019 WY 75, ¶ 37, 446 P.3d 179, 189 (Wyo. 2019) (citing *Renfro v. State*, 785 P.2d 491, 493 (Wyo. 1990)); *Hampton v. State*, 2006 WY 103, ¶ 11, 141 P.3d 101, 105 (Wyo. 2006) (citation omitted); Wyo. Stat. Ann. § 7-9-103(a) ("As part of the sentencing process including deferred prosecutions under W.S. 7-13-301, in any misdemeanor or felony case, the prosecuting attorney shall present to the court any claim for restitution submitted by any victim."). The evidence is sufficient to support the sentencing court's restitution decision if it affords a reasonable basis for estimating a victim's loss. *Smiley v. State*, 2018 WY 50, ¶¶ 13–14, 417 P.3d 174, 177 (Wyo. 2018) (citations omitted); *Glover v. State*, 2007 WY 169, ¶ 11, 169 P.3d 553, 557 (Wyo. 2007) (citing *Brock v. State*, 967 P.2d 26, 27 (Wyo. 1998)).

[¶7]     Mr. Holliday's sole argument on appeal is that the victims testified to higher amounts at the restitution hearing than were indicated in the two probable cause affidavits that accompanied the Information. He also questions the credibility of the witnesses who explained those discrepancies.

[¶8]     The three witnesses testified to the amounts stolen from three vehicles and explained why those amounts did not match the amounts initially reported to law enforcement. For example, Victim JK initially informed police officers that between $150 to $200 in cash was taken from his vehicle and that he earned that cash in tips from his employment. At the restitution hearing, he explained he initially reported a conservative amount because he was flustered during the police interview. After the interview, he had time to calculate the

2

tips he typically earned each day, his typical rate of spending, and the amount of time he had been saving his tips to buy Christmas presents.

[¶9]   Victim KC initially reported to the police that one one-hundred-dollar bill and a change bag was taken from her car, which the police reported as a loss of $175. At the restitution hearing, KC explained she downplayed the amount taken during her interview with the police because her husband was listening to the interview, and he was under an assumption that she only had $100 in her purse at the time of the theft. He had a tendency to take cash from her purse when he knew she had some, and prior to the theft she led him to believe she only had $100. She testified the cash taken included "two crisp hundred-dollar bills" from her purse, which she had leftover after a $400 ATM withdrawal, and $35 dollars in loose bills and rolls of quarters in a Ziploc bag in the center console. KC also explained that she reported the $35 loss of the "change bag" accurately to the police but for reasons unknown to her, the officer wrote down the wrong calculation and did not mention the Ziploc bag.

[¶10]  The victim coordinator testified about Victim KF's prescription sunglasses taken from his vehicle, and that a recent search for similar glasses of the same brand revealed frame costs of between $135 to $295, without the lenses.[3] She also testified the sunglasses were two years old and used at the time of the theft. She testified KF purchased replacement glasses, with the prescription lenses, but KF had not been able to provide an invoice for that purchase.

[¶11]  The district court concluded the witness testimony was sufficient evidence to find a reasonable basis for the requested restitution amounts. It then found the specific amounts due to each victim. The district court's findings of fact are supported by the record, and we acknowledge that the district court has the better opportunity to assess witness credibility. *Kuebel*, 2019 WY 75, ¶ 47, 446 P.3d at 190 (citation omitted). While we review the entire record, we do not reweigh the evidence. *Id.* The district court did not abuse its discretion in adopting the restitution amounts supported by victim and victim coordinator testimony. Affirmed.

---

[3] Victim advocates can provide evidence sufficient to support a restitution order. *Glover*, 2007 WY 169, ¶ 11, 169 P.3d at 556–57 (citing *Brock*, 967 P.2d at 27).