Courtney James VAN RIPER,
Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

Courtney James Van Riper,
Appellant (Defendant),

v.

The State of Wyoming, Appellee
(Plaintiff).

Nos. 98–339, 98–340.

Supreme Court of Wyoming.

March 13, 2000.

Representing Appellant: Lynn Boak, Cheyenne, Wyoming.

Representing Appellee: Gay Woodhouse, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Sen-

ior Assistant Attorney General; Robin Sessions Cooley, Senior Assistant Attorney General; Theodore E. Lauer, Director of the Prosecution Assistance Program; and Kevin C. Cook and Sheri K. Jones, Student Interns for the Prosecution Assistance Program. Argument by Mr. Cook and Ms. Jones.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and HILL, JJ.

LEHMAN, Chief Justice.

Courtney Van Riper (Van Riper) claims the district court abused its discretion by ordering him to pay restitution and by relying on an inaccurate presentence investigation report in sentencing him. Because the ordered restitution arises out of an offense for which Van Riper was not convicted, we agree that it was improper, and we reverse. We also hold that the district court did not abuse its discretion in determining Van Riper's prison sentence, but we remand for the limited purpose of appending findings and determinations in compliance with W.R.Cr.P. 32(a)(3)(C). We affirm in part, reverse in part, and remand with instructions.

## ISSUES

Van Riper presents this statement of the issues:

Argument I

The district court abused its discretion in ordering restitution on a charge that had been dismissed at preliminary hearing, which had not been admitted by Appellant, and which had not been contemplated by the change of plea agreement.

Argument II

The district court violated Appellant's due process rights by failing to comply with the requirements of W.R.Cr.P. 32(a)(3)(C).

The state's brief includes this statement of the issues:

I. Did the district court properly order Appellant to pay restitution to Raymond Weigel for personal belongings that were located in his 1993 Chevrolet pickup when it was stolen by Appellant on July 14, 1997?

II. Did the district court violate Appellant's due process rights under W.R.Cr.P. 32(a)(3)(C)?

## FACTS

On April 12, 1997, Van Riper escaped from the Community Alternatives Center in Gillette. He stole a Nissan Pathfinder from a rental lot at the airport, which was located near the aviation business where he worked. Van Riper returned to the airport three months later, left the Nissan Pathfinder in the parking lot, and stole a Chevrolet pickup from a hanger owned by his former employer. The pickup was recovered two months later from a car dealership in South Carolina, where Van Riper had left it while "test driving" a Nissan 240 SE that he did not return. After abandoning the Nissan 240 SE in North Carolina in favor of a Cadillac Seville, Van Riper was arrested in Florida in April 1998 and was returned to Wyoming.

Van Riper was charged in one felony information with a single count of escape from official detention. A second felony information charged him with four counts of burglary, three counts of larceny, and one count of property destruction. Following his preliminary hearing, four of the charges were dismissed, leaving Van Riper charged with four counts: larceny of the Nissan Pathfinder, larceny of the Chevrolet pickup, and two counts of burglary of his former employer's hanger. One of the dismissed counts charged him with larceny of personal property that was inside the pickup.

On July 16, 1998, Van Riper agreed to plead guilty to escape and one count of burglary. He also agreed to pay restitution for the loss of values on the Nissan Pathfinder and the Chevrolet pickup as well as for the cash box and money he took from the hanger. In return, the state agreed to dismiss the remaining charges.

Van Riper's first sentencing hearing was continued because he had not received a copy of the presentence investigation report. At a second sentencing hearing, Van Riper challenged several inaccuracies in the report, of which the court took note. That hearing was then continued because Van Riper had not

received the report ten days in advance as required by W.R.Cr.P. 32(a)(3)(A). At a third hearing on October 26, 1998, the district court sentenced Van Riper to consecutive prison terms of six to nine years and four to six years, which were to run concurrently with the balance of the sentence he was serving prior to his escape. The court also ordered him to pay restitution in the amount of $2,032 for the value of the personal items taken from the pickup. Van Riper filed this timely appeal.

## STANDARD OF REVIEW

▮ Sentencing decisions are within the trial court's discretion, and we will not disturb them unless the appellant shows "an abuse of discretion, procedural conduct prejudicial to him, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play." *Smith v. State*, 941 P.2d 749, 750 (Wyo.1997).

## DISCUSSION

### Restitution

▮ Van Riper first argues that, because he was neither convicted of nor pleaded guilty to stealing the personal items in the Chevrolet pickup, the court had no authority to impose restitution for the value of those items. In Wyoming, restitution is authorized by Wyo. Stat. Ann. § 7–9–102 (LEXIS 1999), which reads:

> In addition to any other punishment prescribed by law the court shall, upon conviction for any misdemeanor or felony, order a defendant to pay restitution to each victim as determined under W.S. 7–9–103 and 7–9–114 unless the court specifically finds that the defendant has no ability to pay and that no reasonable probability exists that the defendant will have an ability to pay.

The portion of Wyo. Stat. Ann. § 7–9–103(a) (LEXIS 1999) relevant to this discussion reads: "If restitution is ordered, ... the court shall fix a reasonable amount as restitution owed to each victim for actual pecuniary damage *resulting from the defendant's criminal activity*." (Emphasis added.) Wyo. Stat. Ann. § 7–9–101(a)(i) (LEXIS

1999) defines criminal activity: " 'Criminal activity' means any crime for which there is a plea of guilty, nolo contendere or verdict of guilty upon which a judgment of conviction may be rendered *and includes any other crime which is admitted by the defendant, whether or not prosecuted.*" (Emphasis added.) Thus, the crimes for which the court could order Van Riper to pay restitution included only those to which he pleaded guilty and those he admitted in his plea agreement. He pleaded guilty to burglary of his employer's business and agreed to pay restitution for the cash box and its contents as well as for the loss of values on the Nissan Pathfinder and the Chevrolet pickup. Van Riper specifically denied taking personal property from the pickup, and, after the preliminary hearing, the district court dismissed the count charging him with larceny of those items. Therefore, we hold the district court was without authority to order restitution for the value of the personal property in the pickup, and we reverse that portion of Van Riper's sentence.

▮ Although the district court could have ordered restitution for the loss of values on the two vehicles, it did not do so, citing a lack of sufficient information upon which to base a dollar amount. Having reversed the original restitution order, we will not give the state a second chance by remanding for a determination of proper restitution amounts. To do so would be contrary to our prior declarations and would risk violating Van Riper's constitutional protection against double jeopardy. *Renfro v. State*, 785 P.2d 491, 493 (Wyo.1990) ("[W]here the initial computation of the amount of restitution was the result of a failure of proof, we will not normally remand for a recomputation unless we are remanding for other sentencing changes as well."); *Kaess v. State*, 748 P.2d 698, 702 (Wyo.1987) ("A sentence cannot be increased after it has been entered, nor may restitution be added at a later date.").

### Due Process

▮ In his second assignment of error, Van Riper claims the district court violated his due process rights by relying on false information in a presentence investigation re-

port and by failing to adhere to the dictates of W.R.Cr.P. 32(a)(3)(C).[1] Specifically, Van Riper contends the court did not take into account the corrections he offered to the alleged inaccuracies in the report. Nothing in the record supports Van Riper's claim that the court disregarded his corrections to the report. Rather, the record shows the court heard his corrections at length and noted them on its copy of the report. Because Van Riper cannot meet his burden of establishing reliance on false information, we hold the court did not abuse its discretion in that respect.

■ Addressing the findings and determinations required by W.R.Cr.P. 32(a)(3)(C), Van Riper argues that the record does not show such findings and determinations were ever made. The state responds that the district court complied with the rule by noting its findings on its copy of the presentence report and attaching the notations to the original report. We addressed this issue in a procedurally similar case and said:

> The record sufficiently revealed that the trial court either did not rely on the disputed facts or resolved the questions during the sentencing hearing. Therefore, the failure to attach a written record of the trial court's disposition of disputed information to the presentence report requires only a limited remand. We hold this ministerial duty may be corrected by either attaching the relevant pages from the sentencing hearing or by appending the trial court's written findings regarding the disputed information to the presentence report.

*Mehring v. State*, 860 P.2d 1101, 1117–18 (Wyo.1993) (citations omitted). The record in the case at hand clearly shows the court carefully considered Van Riper's corrections to the presentence report but did not provide the required findings and determinations. We, therefore, remand with instructions to append complete findings and determinations pursuant to W.R.Cr.P. 32(a)(3)(C).

Affirmed in part, reversed in part, and remanded with instructions.

---

1. W.R.Cr.P. 32(a)(3)(C) reads:

   (C) If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make:

   (i) A finding as to the allegation; or
   (ii) A determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to penal institutions.