2009 WY 130

**Robert L. CUMMINGS, Petitioner,**

v.

**The STATE of Wyoming, Respondent.**

No. S–08–0218.

Supreme Court of Wyoming.

Oct. 23, 2009.

Representing Petitioner: Julie Nye Tiedeken of McKellar, Tiedeken & Scoggin, LLC, Cheyenne, Wyoming.

Representing Respondent: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Leda M. Pojman, Senior Assistant Attorney General. Argument by Ms. Pojman.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, BURKE, JJ.

GOLDEN, Justice.

[¶ 1]   This case arises out of a motor vehicle accident that resulted in the death of Mary North. A Crook County Circuit Court jury found Petitioner Robert L. Cummings guilty of the traffic offense of improper passing for his role in the accident. Cummings was ordered to pay restitution, which included damages for wrongful death. Cummings appealed the propriety of the wrongful death restitution award to the district court. The district court vacated the award due, in part, to insufficient proof and remanded the matter to the circuit court for further fact-finding proceedings. On remand, the circuit court again awarded restitution. Another appeal ensued, wherein the district court upheld the order of restitution, but sua sponte reduced the amount awarded. Cummings then petitioned this Court for a Writ of Review, which we granted. We vacate the challenged award and remand for entry of a new restitution order.

## ISSUE

[¶ 2]   Cummings raises numerous issues challenging the legality of the restitution order. We find, however, that the dispositive issue in this case is whether error occurred when the State was allowed a second opportunity to prove restitution after the district court determined the initial restitution claim was not adequately proven by credible evidence.[1]

---

1. The State perfunctorily argues that Cummings is procedurally barred from challenging the restitution order. We disagree. An order of restitution that exceeds the court's authority would be void, and a void order may be challenged at any time. *See Crapo v. State*, 2007 WY 194, ¶ 10, 172 P.3d 393, 396 (Wyo.2007).

## FACTS

[¶ 3] On July 6, 2004, Cummings was involved in a two-vehicle collision in which Mary North, a passenger in the vehicle driven by her husband, Larry North, was killed. The State charged Cummings with misdemeanor vehicular homicide in violation of Wyo. Stat. Ann. § 6–2–106(a) (Lexis 2009)[2] and the traffic offense of improper passing under Wyo. Stat. Ann. § 31–5–204 (Lexis 2009).[3] Following a trial in the Crook County Circuit Court in January 2005, a jury acquitted Cummings of the vehicular homicide charge but convicted him on the improper passing charge. At sentencing, the circuit court ordered Cummings to pay, in addition to a $200.00 fine and other fees, restitution to Mr. North in the amount of $317,743.00. Of that amount, $279,695.72 was intended to compensate Mr. North for the loss of Mrs. North's wages and benefits ("earnings") over the remainder of her projected life.

[¶ 4] Cummings appealed that portion of the restitution order which awarded lost earnings to Mr. North.[4] The district court vacated the restitution order because (1) the evidence used by the circuit court "was insufficient to afford a reasonable basis for estimating the loss," and (2) the circuit court failed to consider the comparative fault, if any, of the Wyoming Department of Transportation (WYDOT) in determining the amount to be paid by Cummings. The district court remanded the case to the circuit court for a determination of the amount of restitution, if any, to be paid by Cummings.

[¶ 5] On remand, the circuit court conducted a new restitution hearing and entertained additional evidence. Based on the evidence presented, the circuit court found no comparative fault on the part of WYDOT and concluded that Cummings' conduct was the sole cause of Mary North's death. The circuit court also reconsidered the amount of restitution owing for the loss of Mary North's future earnings, and ultimately reduced the same from $279,695.72 to $143,777.32. In total, the circuit court awarded $127,701.52 for lost wages and $16,075.80 for lost benefits. A new Order and Judgment to that effect was entered on June 19, 2006.

[¶ 6] Cummings again appealed to the district court. Although the district court generally upheld the restitution order, it found that the circuit court had erroneously disregarded evidence relevant to the issue of lost wages. The district court conducted its own calculation and reduced the amount of restitution attributable to lost wages to $96,249.03, resulting in a total award for lost earnings of $112,324.83. It remanded the case to the circuit court with instructions to enter a new restitution order consistent with its decision. Cummings filed the instant Petition for Writ of Review in this Court.

## DISCUSSION

[¶ 7] Our focus in resolving this case is on the initial appellate decision issued by the district court. It determined the State had not produced adequate evidence to support the ordered amount of restitution for lost earnings. The district court then remanded the case to the circuit court for a new determination of the amount of restitution to be charged against Cummings.

---

2. In pertinent part, § 6–2–106(a) states:

   a person is guilty of homicide by vehicle … if he operates or drives a vehicle in a criminally negligent manner, and his conduct is the proximate cause of the death of another person.

3. § 31–5–204 provides:

   No vehicle shall be driven to the left side of the center of the roadway in overtaking and passing another vehicle proceeding in the same direction unless the left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit the overtaking and passing to be completely made without interfering with the operation of any vehicle approaching from the opposite direction or any vehicle overtaken. In every event the overtaking vehicle must return to an authorized lane of travel as soon as practicable and in the event the passing movement involves the use of a lane authorized for vehicles approaching from the opposite direction, before coming within two hundred (200) feet of any approaching vehicle.

4. The other aspects of the restitution order, totaling $38,047.28, were never contested in the district court, nor are they at issue in the instant matter before this Court.

[¶ 8]   The law in Wyoming concerning restitution in criminal cases is clear cut.   The amount of restitution fixed by a sentencing court should be supported by evidence sufficient to afford a reasonable basis for estimating the victim's loss.   *Hilterbrand v. State,* 930 P.2d 1248, 1250 (Wyo.1997).   The State bears the burden of presenting sufficient credible evidence at sentencing to sustain the restitution claim.   *Hampton v. State,* 2006 WY 103, ¶ 11, 141 P.3d 101, 105 (Wyo.2006); *Renfro v. State,* 785 P.2d 491, 493 (Wyo.1990).   When the State fails in this burden, it is not allowed a second chance.   "[B]ecause of the double jeopardy implications, restitution orders overturned for failure of proof will not be remanded for the purpose of relitigating the restitution issue."   *Crapo v. State,* 2007 WY 194, ¶ 19, 172 P.3d 393, 399 (Wyo.2007).   *See also Hite v. State,* 2007 WY 199, ¶ 15, 172 P.3d 737, 741 (Wyo. 2007); *Penner v. State,* 2003 WY 143, ¶ 12, 78 P.3d 1045, 1048–49 (Wyo.2003); *Van Riper v. State,* 999 P.2d 646, 648 (Wyo.2000); *Renfro,* 785 P.2d at 493–94.

[¶ 9]   In light of this existing law, the initial remand by the district court in the instant case was erroneous.   The proceedings should have ended when the district court vacated the challenged portion of the restitution order pertaining to the lost earnings of Mary North.   The domino effect created by the continuation of restitution proceedings was unfortunately nothing more than a waste of judicial resources.

[¶ 10]   We vacate the results of all proceedings occurring after the district court's initial appellate decision.   The case is remanded to the district court with directions to remand to the circuit court for entry of a new restitution order consistent with this opinion.