# IN THE SUPREME COURT, STATE OF WYOMING

# 2014 WY 140

OCTOBER TERM, A.D. 2014

November 5, 2014

RANDY GUINARD,

Appellant
(Defendant),

v.

S-14-0075

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Fremont County*
The Honorable Norman E. Young, Judge

*Representing Appellant:*
 Office of the Public Defender:  Diane M. Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel.

*Representing Appellee:*
 Peter K. Michael, Attorney General; David L. Delicath, Deputy Attorney General; Jenny L. Craig, Senior Assistant Attorney General; James Michael Causey, Senior Assistant Attorney General.

*Before BURKE, C.J., and HILL, KITE, DAVIS, and FOX, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KITE, Justice.**

[¶1] Randy Guinard pleaded guilty to three counts of larceny. As part of a plea agreement, he agreed to pay restitution in amounts to be determined by the district court. After a hearing, the district court ordered Mr. Guinard to pay specified amounts to several of the victims of his larceny offenses. Mr. Guinard appeals, claiming the district court abused its discretion in awarding the amount it did to one victim and awarding restitution at all to another victim. We affirm the district court's order awarding restitution with the exception of two minor recalculations and remand for an amended order reflecting those recalculations.

## ISSUE

[¶2] The issue for our determination is whether the district court abused its discretion in awarding restitution to Range Drilling and awarding $679.50 to Toni Coons.

## FACTS

[¶3] The Fremont County Attorney's Office charged Mr. Guinard on February 1, 2013, with three counts of larceny, one count of larceny by bailee and one count of burglary. The charges stemmed from the disappearance of drilling pipe, a well motor and a transformer belonging to Range Drilling. In a separate case, the county attorney's office charged Mr. Guinard with one count of larceny stemming from the disappearance of pipe from Richardson Operating Co. and one count of larceny by bailee for selling brass belonging to Toni and Thomas Coons.

[¶4] Mr. Guinard entered into a plea agreement with the county attorney in which he agreed to plead guilty to two counts of felony larceny and one count of misdemeanor larceny in exchange for dismissal of the remaining charges. The parties also agreed that Mr. Guinard would be sentenced to consecutive three to five year terms on the felony convictions, which sentences would be suspended in favor of three years of probation, and 180 days on the misdemeanor conviction. The plea agreement further provided:

> [Mr. Guinard] shall pay restitution on all Counts originally charged. [He] shall pay restitution in amounts deemed appropriate by the Court to Richardson Operating Company, Range Drilling, Mill Creek Metal, Ward's Iron and Toni and Thomas Coons.
>
> [Mr. Guinard] shall also pay restitution to the Wind River Casino in the amount of $5,000.00.

1

[¶5]   The district court sentenced Mr. Guinard in accordance with the plea agreement.[1] Subsequently, the district court convened a hearing for purposes of taking evidence on the issue of restitution.  At the close of the hearing, the district court ordered Mr. Guinard to pay $40,183.30 to Range Drilling, $4,500 to Mill Creek Metals, $2,679.50 to Toni Coons, and $5,000 to Wind River Casino.   The district court thereafter entered an amended judgment and sentence containing the restitution amounts.  Mr. Guinard timely appealed the amended judgment and sentence.

## STANDARD OF REVIEW

[¶6]   We review challenges to the amount of restitution set by district courts for abuse of discretion.  *Morris v. State*, 2009 WY 88, ¶ 25, 210 P.3d 1101, 1108 (Wyo. 2009).   An order awarding restitution should be supported by sufficient evidence to afford a reasonable basis for estimating the loss. *Id*.

## DISCUSSION

[¶7]   Mr. Guinard contends the evidence did not support the district court's restitution awards to Range Drilling or Ms. Coons.  With respect to Range Drilling, he argues the evidence was simply insufficient to support any award.  With respect to Ms. Coons, he asserts the award of $2,000 was supported by the evidence but the additional $679.50 was not.

[¶8]   Restitution is governed by the following statutory provisions:

> **§ 7-9-101. Definitions.**
>
> (a) As used in this chapter:
>  . . . .
>    (iii) "Pecuniary damage" means all damages which a victim could recover against the defendant in a civil action arising out of the same facts or event, . . . .
>    (iv) "Restitution" means full or partial payment of pecuniary damage to a victim;
>    (v) "Victim" means a person who has suffered pecuniary damage as a result of a defendant's criminal activities.
>
>  **§ 7-9-102. Order to pay upon conviction.**

---

[1] At the county attorney's request, the district court actually sentenced Mr. Guinard to 173 days on the misdemeanor count – the number of days he would have served as of the Sunday following the date of the hearing.

In addition to any other punishment prescribed by law the court shall, upon conviction for any misdemeanor or felony, order a defendant to pay restitution to each victim as determined under W.S. 7-9-103 . . . unless the court specifically finds that the defendant has no ability to pay and that no reasonable probability exists that the defendant will have an ability to pay.

### § 7-9-103. Determination of amount owed; execution.

(a) As part of the sentencing process including deferred prosecutions under W.S. 7-13-301, in any misdemeanor or felony case, the prosecuting attorney shall present to the court any claim for restitution submitted by any victim.

(b) In every case in which a claim for restitution is submitted, the court shall fix a reasonable amount as restitution owed to each victim for actual pecuniary damage resulting from the defendant's criminal activity, and shall include its determination of the pecuniary damage as a special finding in the judgment of conviction or in the order placing the defendant on probation under W.S. 7-13-301. In determining the amount of restitution, the court shall consider and include as a special finding, each victim's reasonably foreseeable actual pecuniary damage that will result in the future as a result of the defendant's criminal activity. . . .

(c) The court shall order the defendant to pay all or part of the restitution claimed or shall state on the record specific reasons why an order for restitution was not entered.

[¶9] Restitution must be reasonable and address the victim's actual pecuniary damages resulting from the defendant's criminal activity. *Bush v. State*, 2003 WY 156, ¶ 27, 79 P.3d 1178, 1187 (Wyo. 2003). As reflected in § 7-9-101(iii), ["p]ecuniary damage" means all damages which a victim could recover against the defendant in a civil action arising out of the same facts or event. The amount of restitution fixed by a sentencing court should be supported by evidence sufficient to afford a reasonable basis for estimating the victim's loss. *Cummings v. State*, 2009 WY 130, ¶ 8, 218 P.3d 257, 260 (Wyo. 2009), citing *Hilterbrand v. State*, 930 P.2d 1248, 1250 (Wyo. 1997). The State bears the burden of presenting sufficient credible evidence to sustain the restitution claim. *Cummings*, ¶ 8, 218 P.3d at 260, citing *Hampton v. State*, 2006 WY 103, ¶ 11, 141 P.3d 101, 105 (Wyo. 2006); *Renfro v. State*, 785 P.2d 491, 493 (Wyo. 1990).

3

[¶10]   The determination of "actual pecuniary damage" for purposes of restitution is usually a fairly simple and direct calculation based upon fair market value, or some other similar test.  *Morris v. State*, 2009 WY 88, ¶ 28, 210 P.3d 1101, 1108 (Wyo. 2009).  In *Smith v. State*, 2012 WY 130, ¶ 11, 286 P.3d 429, 433 (Wyo. 2012), we held the district court properly exercised its discretion in awarding restitution where the victims presented verifiable evidence consisting of bills from medical providers and vehicle repair shops and victim testimony of the damages they had suffered due to the appellant's criminal conduct.  In *Glover v. State*, 2007 WY 169, ¶ 11, 169 P.3d 553, 557 (Wyo. 2007), we upheld a restitution award based on testimony from a victim's advocate reciting the victim's medical bills.  We likewise upheld a restitution award in *Brown v. State,* 2003 WY 72, ¶ 10, 70 P.3d 238, 241 (Wyo. 2003), where the victims presented "credible and uncontradicted evidence that was based on the actual face value of some items, and on estimated values based on research directed at determining fair market value with respect to other items."  *See also Stowe v. State*, 10 P.3d 551, 553 (Wyo. 2000), upholding a restitution award where the defendant was convicted of larceny by bailee after he failed to return a car he had rented and the evidence was the victim impact statement which showed unpaid rental charges of $6,266.09; costs of damages, towing and storage totaling $1,571.49; and cost of a missing bench seat in the amount of $950.00, and *Hilterbrand*, 930 P.2d at 1249-1250, upholding a restitution award where the victim testified definitively as to the three sources of the money stolen from her, the amount of the money and the time period involved.

[¶11]   With the applicable law in mind, we first address Mr. Guinard's claim that the evidence did not support awarding $679.50 of the $2,679.50 awarded to Ms. Coons.  Ms. Coons submitted a claim for $7,179.50 to replace the brass Mr. Guinard took from her property.  The claim consisted of a handwritten page signed by Ms. Coons and notarized, stating:

> I misplaced the other form:
>
> Damages from Mr. Randy Guinard's theft of brass from my property is:
> Replacement:     $7,179.50
>
> All receipts are with the Fremont Co. Sheriff's Office – Officer Sara Treheorne –
>
> The receipt from Skaggs of $1,822.50 has not been included in Mr. Randy Guinard's charges
>
> Toni J. Coons 5-24-13

4

No receipts are attached to the document and none were introduced as evidence at the hearing. It is not clear whether the claimed replacement cost was based on fair market value or on some other estimate. There is no itemization or description of the items. There is simply nothing in the record to verify the replacement cost claimed by Ms. Coons.

[¶12] Besides her testimony about the replacement cost, Ms. Coons testified that she met with Mr. Guinard at an attorney's office before charges were filed against him and he agreed to pay $6,500 in six installments over three months for the stolen brass. He signed a promissory note reflecting that agreement. At the time of the hearing, Mr. Guinard had paid $4,500 to Ms. Coons. When asked why the amount Mr. Guinard agreed to pay was less than the amount she claimed, Ms. Coons responded: "probably for attorney's fees or additional invoice that I got from Mill Creek." No evidence was presented to support an award for attorney's fees or additional invoice amounts. The only evidence in the record concerning Ms. Coon's damages was her testimony, unsupported by any documentation other than her written statement, that the replacement value of the brass was just over $7,000; the promissory note in which Mr. Guinard agreed to pay $6,500; and Ms. Coon's testimony that he had paid $4,500 of that amount. Although the stolen items likely had a readily ascertainable fair market value equating with Ms. Coon's "actual pecuniary loss," absolutely no evidence was presented to support Ms. Coon's valuation.

[¶13] The district court awarded restitution to Ms. Coons in the amount of $2,679.50 – her claimed replacement cost of $7,179.50 less the $4,500 Mr. Guinard had already repaid. The record supports the award of $2,000 but the evidence was insufficient to support the $679.50. We reverse that portion of the award to Ms. Coons.

[¶14] The district court awarded $40,183.30 to Range Drilling, the amount of the claim it submitted. Range Drilling also submitted an itemized statement of the items missing or damaged as a result of Mr. Guinard's actions, which we summarize as follows:

Missing items:
- 18 joints of 4 ½-in. Christian wire line "core" pipe 20-ft. in length with bid value of $240 per joint for a total bid of $4,320;

- 4 joints of 3 ½-in. N-80 tubing 31-ft. 5-in. in length with bid value of $112.00 each for a total bid of $448.00;

- 4 joints of 4 ½-in. X.H. drill pipe 31-ft.-5 in. in length with bid value of $765.00 each for a total bid of $3060.00;

Damaged items:

5

- bid to repair generator house to original condition and install KVA transformer which was damaged beyond repair -- $12,000;

- bid to repair and replace power pole, wiring and power box from water well -- $2,500;

- bid to rebuild and replace equipment stolen and damage on water well -- $12,202.50;

- bid to replace battery and cable stolen from 1967 International water truck -- $352.80;

Transportation costs associated with recovery or replacement:

- trucking bid to load and remove missing Range Drilling pipe located at Mill Creek -- $1,463.00;

- trucking bid to load and haul replacement pipe from Casper to Range Drilling in Riverton -- $1,380.00;

Inspection costs:

- bid for inspection for thread damage on missing pipe located at Mill Creek -- $2,455.00.

The total for these items is $40,183.30, the amount the district court awarded. John Roden, a representative of Range Drilling, testified that the itemized statement reflected all of the missing or damaged property belonging to Range Drilling for which it was seeking restitution. He also testified that the values shown on the itemized statement were based upon bids Range Drilling received from third parties to replace missing items that were never found, repair damaged items or return missing items that were found.

[¶15] Mr. Guinard contends the evidence and testimony was insufficient to support the district court's award because it did not establish the fair market value of the property at the time it was stolen. As we have said, an order awarding restitution should be supported by sufficient evidence to afford a reasonable basis for estimating the loss. In *Cross v. Berg Lumber Co.*, 7 P.3d 922, 931 (Wyo. 2000), the owner of a road grader converted by another was awarded the return of his road grader, $10,000 to repair the engine, $400 to replace the cutting edge and batteries, $900 to replace the tires, $4,600 for the cost of attempting to recover the grader and $67,500 for the loss of use of the grader. In *Meerscheidt v. State*, 931 P.2d 220, 226 (Wyo. 1997), the injured party was allowed to recover the cost of replacing a dining room set even though only the table top was damaged. This Court said, when property is destroyed and the victim intends to

6

replace the item, the retail market value is used. In *Kirby Bldg. Sys. v. Mineral Explorations Co.*, 704 P.2d 1266, 1269 (Wyo. 1985), we said "the measure of damages to property which can be repaired and substantially restored to its former condition is the reasonable cost of repair or restoration." In *Alcaraz v. State*, 2002 WY 57, ¶ 8, 44 P.3d 68 (Wyo. 2002), we concluded special damages may be recovered in an action for conversion for any injury proximately resulting from the conversion.

[¶16]   As these cases reflect, different measures of value are used to determine the appropriate restitution based on the circumstances.   Where, as here, evidence was presented showing the replacement cost of the missing pipe and the cost to repair the generator and transformer, water wells and the International water truck, we conclude a reasonable basis existed for the restitution award as to those items.   We further conclude Range Drilling was entitled to recover the cost of transporting replacement pipe from Casper to Riverton and the cost of having the recovered pipe inspected.   Recovery of these costs is necessary to compensate Range Drilling for the actual losses it sustained as a proximate result of Mr. Guinard's wrong.   *Alcaraz*, ¶ 8, 44 P.3d at 71.

[¶17]   There is one cost on the itemized statement to which Range Drilling is not entitled. The statement lists a $1,463.00 bid to transport the pipe Range Drilling recovered back to its property.   However, Mr. Roden testified that Range Drilling transported the pipe itself for approximately $1,200.   On remand, the restitution order should be amended to reflect the $1,200 figure rather than the $1,463.00 bid, a difference of $263 which reduces the total award to Range Drilling to $39,918.30.

[¶18]   Reversed and remanded for entry of an order consistent with this opinion.